PEOPLE *against* GOODHUE.

Under the *habeas corpus* act, the chancellor will not discharge a prisoner who had been committed by a justice of the peace, under the act for apprehending and punishing *disorderly persons*, the warrant of commitment stating that the prisoner had been duly convicted, &c., and the conviction being, *prima facie*, legal and regular.

*Quære;* Whether this Court, independently of the statute, has any common law jurisdiction in such case?

THE defendant was brought up on *habeas corpus,* allowed by the chancellor under the *habeas corpus* act; and the return stated, that he was detained in custody by virtue of the following warrants of commitments, viz.

A *mittimus,* issued by *J. Hedden,* one of the justices of the city of *New-York,* on the 17th of *August* last, for that the prisoner was charged with a misdemeanor, alleged to have been committed within the state of *Kentucky,* in procuring money by false pretences.

2. A like *mittimus,* issued by *J. Warner,* one of the justices, &c., on the 21st of *August* last, for a like offence, committed in *Kentucky.*

3. A *mittimus,* issued by *J. Hedden,* one of the justices, &c., stating that the defendant had been convicted before him, as a disorderly person, and that he thereupon committed him to prison, for sixty days.

*\*T. A. Emmet,* and *Price,* moved that the prisoner be discharged; and read an affidavit of the prisoner, stating, among other things, that the conviction had been removed into the Supreme Court by *certiorari,* and a recognizance duly entered into, to prosecute the same, &c., as is required by the statute in such cases.

*Rodman,* (district-attorney,) contra.

THE CHANCELLOR. It will be unnecessary to take notice of the two first warrants of commitment, because the commitment upon the conviction as a disorderly person is sufficient to detain the prisoner. The act of the 9th of *February,* 1788, entitled "an act for apprehending and punishing disorderly persons," declares what description of persons shall be deemed disorderly persons within the purview of that act, and, among others, that " all idle persons, not having visible means of livelihood," shall be so deemed and adjudged. The act further declares, that it shall be lawful for any jus-

*October* 8th and 14th.

[ \* 199 ]

PEOPLE
v.
GOODHUE.

1816.

tice of the peace to commit such disorderly persons, on conviction thereof, by his own view, or by confession or proof, for any time not exceeding sixty days. Such a conviction was stated in the warrant itself, and the prisoner is, therefore, in the language of the *habeas corpus* act, "a person convict, or in execution by legal process." It is not for me to examine into the legality or regularity of the conviction, any further than to see that the magistrate had competent jurisdiction to convict and imprison in the given case. This Court has no general appellate or criminal jurisdiction. It belongs to the Supreme Court to review the errors (if any there be) in the conviction in this case, and the proceeding has already been removed into that Court. I am only to exercise the power given me by the *habeas corpus* act; and without that statute, I should have hesitated greatly before

[ *200 ]

I ventured to assume any common law jurisdiction over *the subject matter. The conviction and imprisonment in this case, are, *prima facie*, good and valid in law, and that is sufficient upon this collateral inquiry. They must be held valid, until quashed or reversed in the regular course of appeal, by the appropriate tribunal.

Nor does the suing out the *certiorari*, or giving the recognizance, affect the conviction or the imprisonment. A *certiorari* is no *supersedeas* to an execution already executed; and if the prisoner cannot have the effect of his writ until after the sixty days have expired, it is owing to the provisions of the law, which this Court cannot control. The prisoner must accordingly be remanded.

*October* 14th.

The term of imprisonment having expired, the prisoner, this day, sued out a new *habeas corpus*, and was brought up, and the return stated that he was detained only under the two first warrants, above mentioned.

THE CHANCELLOR observed, that a reasonable time had been allowed to the party complaining, to procure from the executive of *Kentucky* a demand of the prisoner, as a fugitive from justice, for the misdemeanor alleged to have been committed in that state; and as no such demand appeared, he ought not to be detained any longer. It would be idle to take a recognizance of the prisoner to appear in any Court in this state, as no such Court can take cognizance of the offence charged; and the Court has no authority to require a recognizance to appear before a foreign jurisdiction.

Prisoner discharged.