Mauro C. CANTU, Jr., Petitioner-Appellant,

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.

No. 14951.

United States Court of Appeals Seventh Circuit.

Nov. 24, 1965.

Rehearing Denied Jan. 11, 1966.

John J. Cleary, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., Indianapolis, Ind., Joseph W. Annakin, Asst. U. S. Atty., S. D. Indiana, Indianapolis, Ind., for respondent-appellee.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court for the Southern District of Indiana, granting the government's motion to dismiss Cantu's petition for a writ of habeas corpus.

At the time of the commencement of this proceeding, petitioner was confined in the United States penitentiary at Terre Haute, Indiana. He had been sentenced on April 18, 1963, by the United States District Court for the Western District of Texas, to a fifteen-year term of imprisonment for violation of the federal narcotics laws. He had retained counsel representing him when he entered his plea of guilty. Cantu's counsel informed him he would not be entitled to probation or suspended sentence but he did not recall discussing the possibility of parole.

No appeal was taken. Counsel for petitioner advised petitioner's family that on a plea of guilty there was not much evidence to take to an appellate court.

In January 1964, petitioner filed for relief in the Western District of Texas under 28 U.S.C., § 2255. The principal ground for relief asserted in this motion was the insufficiency of the information to which petitioner had entered a plea of guilty. The motion under § 2255 was denied.

Petitioner's motion for leave to appeal *in forma pauperis* was denied by the United States Court of Appeals for the Fifth Circuit. A petition to the United States Supreme Court for certiorari was also denied. Cantu v. United States, 380 U.S. 925, 85 S.Ct. 903, 13 L.Ed.2d 811.

Petitioner was permitted to file a petition for a writ of habeas corpus *in forma pauperis* in the District Court for the Southern District of Indiana. The Court granted the government's motion to dismiss. That Court then granted petitioner's motion to file an appeal and to proceed *in forma pauperis*.

28 U.S.C., § 2255 provides that an application for a writ of habeas corpus in behalf of a prisoner shall not be entertained if it appears the court which sentenced him has denied him relief unless it also appears that the remedy by motion under Section 2255 is inadequate or ineffective to test the legality of his detention.

Plaintiff alleges his motion to vacate sentence under Section 2255 was inadequate and ineffective. He emphasizes he is confined at a great distance from the sentencing court. A similar contention was made in Black v. United States, 10 Cir., 301 F.2d 418. The Court there said, page 419—"We do not think that mere distance between the place of detention and the forum of the remedy asserted under § 2255 is a proper guide

to the adequacy and effectiveness of that remedy."

Petitioner bases his petition for a writ of habeas corpus on the same grounds that he based his motion to vacate under Section 2255, namely, that the information was defective. Pertinent is the statement of this Court in Cain v. Markley (May 26, 1965), 7 Cir., 347 F.2d 408, 410:

"Petitioner's section 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device. True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas corpus petition and the court which has already ruled on a section 2255 motion a prisoner would have the right in every instance to retest the legality of his detention."

■ Petitioner also contends that requiring him to pursue his Section 2255 remedy in the sentencing court violates the constitutional provision against the suspension of the writ of habeas corpus. We disagree. The authorities are to the contrary. Stirone v. Markley, 7 Cir., 345 F.2d 473; United States v. Anselmi, 3 Cir., 207 F.2d 312, cert. den. 347 U.S. 902, 74 S.Ct. 430, 98 L.Ed. 1061; Madigan v. Wells, 9 Cir., 224 F.2d 577, cert. den. 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446.

■ We hold the sentencing court had the exclusive jurisdiction to grant the requested relief under 28 U.S.C. § 2255. The petition failed to show that the reme-dy pursuant to Section 2255 was inadequate or ineffective to test the legality of petitioner's detention. Accordingly, the order of the District Court dismissing the petition for a writ of habeas corpus must be affirmed.

John J. Cleary, Esq. of the Chicago Bar, was the court-appointed counsel on this appeal and in another case recently heard by this Court. Mr. Cleary has shown great ability in representing these indigent clients, and this Court wishes to expresss its deep appreciation for his valuable services.

Affirmed.