George 'Starke, J.
These three cases present the common procedural issue of whether each relator’s writ should he dismissed on the ground that a more appropriate remedy would be a motion to vacate judgment or set aside sentence under article 440 of the Criminal Procedure Law.
The factual situations in the three cases are as follows:
1. Jerome Anderson: Relator claims that his indefinite penitentiary sentence under section 203 of former article 7-A of the Correction Law, imposed on November 11, 1966, in Criminal Court, Kings County, was unlawful in that he was denied equal protection of the law because he received a sentence in excess of what he could normally have received for his plea of guilty to unlawfully entering a building (former Penal Law, § 405).
*464 2. William Blount: Relator claims that his local reformatory sentence, imposed in Supreme Court, Kings County, on June 20, 1969, after his plea of .guilty to third degree robbery, was unlawful in that he was committed to an institution which he claims lacks adequate facilities for the rehabilitation of youths.
3. Stephen Bergin: Relator claims that his conviction in Supreme Court, Queens County, and sentence on January 14, 1969, upon his plea of guilty to being a youthful offender, were unlawful in that he was unconstitutionally compelled to waive jury trial in order to obtain youthful offender treatment.
In each of these three cases, the relator is confined in Bronx County (Rikers Island), and brought a writ of habeas corpus before this court. In all three cases, the writs were signed by the court on August 25, 1971, the relators were produced on September 1,1971, and the cases were adjourned until September 16, and then until October 21.
In enacting article 440 of the CPL, the Legislature codified the post-conviction remedies of this State and enabled convicted defendants to thoroughly vindicate their rights. It created a broadly remedial reform statute. This reform legislation complies with the commendable suggestions of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (Tent. Draft, 1967), by providing for one comprehensive remedy, considered criminal not civil, brought in the court of conviction, and without a requirement of present unlawful restraint (A. B. A. Standards, §§ 1.1, 1.2, 1.4 and 2.3, respectively).
The new motions to vacate judgment (CPL 440.10) and to set aside sentence (CPL 440.20) are intended to “ embrace” all previous collateral attacks on convictions and sentences, including both habeas corpus and coram nobis (Commission Staff Comment to art. 440), and cover all contentions which may be raised under the old remedies to collaterally attack a conviction or .sentence (Commission iStaff Comment to CPL 440.10 Accord, 1970 Comments to art. 710).
The new law has no effect whatever on habeas corpus in many cases, e.g., those of prisoners awaiting trial or sentence, persons in civil custody of all .sorts, or inmates claiming that correctional or parole authorities have denied them their rights. It is also true that the Supreme Court of the county where a convicted defendant is imprisoned still has jurisdiction to entertain a writ of habeas corpus on grounds covered by article 440 (Commission Staff Notes to CPL 440.10, second par.).
*465 However, where an inmate seeks to challenge his conviction or sentence, he now should be expected to bring a motion under art. 440 of the CPL in the court of his conviction, instead of proceeding via a writ of habeas corpus. It is the holding of this court that the court of the county of detention should decline to exercise its habeas corpus jurisdiction where relator has an adequate remedy in the court of conviction under article 440 of the CPL.
It is a fundamental principle of habeas corpus law, both New York State and Federal, that even if the court has jurisdiction to grant a writ of habeas corpus it should dismiss the writ if the relator has a more appropriate remedy open to him. As New York Jurisprudence, Habeas 'Corpus (vol. 25, § 6) explains: “ The writ of habeas corpus is an alternative remedy and may be refused in the exercise of discretion. However, the availability, to one unlawfully detained, of relief by way of a remedy other than habeas corpus does not ipso facto preclude a grant of habeas corpus.”
Article 440 of the new law, by providing a new remedy for many claims formerly raised by habeas corpus, permits broader application of this principle. In what appears to be the first case decided on this issue, People ex rel. Frazier v. City of New York (Oct. 19, 1971), the relator claimed that he had received consecutive sentences adding up to more than one year for misdemeanors committed as part of the same transaction, which would have been contrary to subdivision 3 of section 70.25 of the Penal Law. He was convicted in Kings County and brought a writ of habeas corpus in 'Bronx County where he was imprisoned. Justice Rosenberg dismissed the writ, holding that although he had jurisdiction despite the availability of CPL 440.20 (motion to set aside sentence), the relator should make his application to the sentencing court where it could be effectively determined whether the offenses were part of the same transaction.
This pragmatic approach, permitting the new remedy to work its beneficial effects, is highly commendable. The same approach was commonly in use before the CPL, even in the era after People ex rel. Keitt v. McMann (18 N Y 2d 257 [1966]) which broadened the use of habeas corpus.
Habeas corpus has constantly been held not to lie when the relator had a more appropriate alternative remedy available, such as (1) a coram nobis motion (People ex rel. Negron v. Herold, 34 A D 2d 1047 [3d Dept., 1970]), (2) an application for reduction of bail (People ex rel. Llauget v. Cyrta, 35 A D *466 2d 724 [2d Dept., 1970]), (3) an appeal (People ex rel. Garcia v. Warden, 28 A D 2d 682 [2d Dept., 1967]), (4) an article 78 proceeding (People ex rel. Henderson v. Casscles, 66 Misc 2d 492), (5) an application for a certificate of reasonable doubt or reargument thereof (People ex rel. Torre v. Calkins, 60 Misc 2d 62), (6) a statutory motion for a hearing (People ex rel. Woodall v. Bigelow, 20 N Y 2d 852), (7) a motion for a new trial (People ex rel. Colon v. Deegan, 34 A D 2d 799 [2d Dept., 1970]), or (8) a motion to resentence (People ex rel. Thompson v. Mancusi, 33 A D 2d 643 [4th Dept., 1969]). In the last-cited case, the court laid great stress on the principle that a court in the county of imprisonment should not conduct proceedings based on court records located in another county, the county of conviction. This principle is a crucial reason for this pragmatic approach to habeas corpus.
In all these cases, the court in the county of imprisonment had habeas corpus jurisdiction but properly declined to exercise it. By way of analogy, res judicata is theoretically inapplicable to habeas corpus, and a court is always competent to issue a new habeas corpus writ on the same grounds as a prior dismissed writ, but, quite properly, the court will normally dismiss a writ containing nothing new (see CPLR 7003, subd. [b]; 7A Weinstein-Korn-Miler, N. Y. Civ. Prac., par. 7003.09; People ex rel. Furtak v. McMann, 29 A D 2d 898 [3d Dept., 1968]).
Habeas corpus should be reserved for cases dictated by practicality and necessity (People ex rel. Keitt v. McMann, 18 N Y 2d 257, supra), that is, where no other remedy is available.
Habeas corpus is neither necessary nor practical in any case where the same grounds can be raised under article 440. It is unnecessary, in that article 440 fills a void by covering grounds formerily raisable only by habeas corpus, such as where the relator wishes to invoke a new retroactive change in the law (see, e.g. People ex rel. Gallo v. Warden, 32 A D 2d 1051 [2d Dept., 1969]).
Thus, where a defendant has remedies under both article 440 and habeas corpus, article 440 is to be preferred as being vastly more efficacious than habeas corpus writs. This is especially true where the defendant was convicted in a county other than the one in which he is detained. The following reasons are offered (American Bar Association Project on Minimum Standards, supra, Cohen, Post-Conviction Relief in the New York Court of Appeals, 35 Brooklyn L. Rev. 1, 23-27 [1968]; and People v. Huntley, 15 N Y 2d 72, 76-77 [1965]):
*467 1. Necessary court records are at the court of conviction, and ordering such records is highly time-consuming, especially if they must come from another judicial district.
2. If a hearing is required, the county of imprisonment may be inconvenient to witnesses.
3. If the Trial Judge should properly hear the case, he may be unavailable because he does not sit in the district where the defendant is imprisoned.
4. The defendant’s original attorney, who is familiar with the case, may be unavailable.
5. The District Attorney of the county of conviction, the only proper representative of the People in what is essentially a criminal case of such county, is not the respondent.
6. Courts in counties which happen to contain correctional facilities for sentenced defendants are overburdened with habeas corpus writs relating to proceedings in other counties.
7. The habeas corpus Judge, if he grants habeas corpus, may have to remand the case to the trial court anyway for resentence, etc., creating useless duplication.
8. If the defendant is transferred to an institution in another county during the pendency of his writ, the first county loses jurisdiction (People ex rel. Greene v. Deegan, 35 A D 2d 748 [3d Dept., 1970]).
9. If the defendant is released on parole or probation, his writ must be dismissed even if he still has a good reason for challenging his conviction, ,such as to avoid civil disabilities.
10. If the defendant is challenging a conviction or sentence not yet in effect, he must wait until that time to bring a writ of habeas corpus.
11. Habeas corpus is a civil proceeding, although criminal procedure may be more appropriate.
12. Release on habeas corpus is merely a release from detention leaving the conviction standing.
It is no wonder, therefore, that Judge Lay of the United States Court of Appeals for the Eighth Circuit has said that: “ Experience has shown that states which still proceed under the traditional writ of habeas corpus produce the greatest number of post-conviction cases to be reviewed by the federal district courts. Despite well-intended state judicial action, under a petition for state habeas corpus, both procedural and substantive process are limited.” (Creighton L. Rev. 5, 20 [1970]).
Therefore, in any case where a habeas corpus relator has a remedy under article 440 of the CPL, his writ should be dis *468 missed or transferred and he should be put to his statutory remedy. The fact that the relator is claiming a fundamental constitutional right, or is seeking “ immediate ” or “ long overdue ” release, does not make habeas corpus the proper remedy, since article 440 can guarantee these.
There is no reason to believe that habeas corpus necessarily provides faster relief than by motion. The three instant cases are good examples of these facts. In each case it took a week after the court signed the writ before the relator was produced, then two more weeks to obtain records from other counties. These cases could well have been expedited had they been brought in the criminal motion part of the court of conviction. In fact, the procedures for show cause orders on short notice are applicable to criminal motions and are often effectively used. Furthermore, if there is an unreasonable delay in the disposition of an article 440 motion, the defendant can, perhaps, properly bring a writ of habeas corpus.
Thus, the laudable purposes of the Legislature in enacting article 440 should be implemented wherever possible, and habeas corpus writs on article 440 grounds should be dismissed without prejudice to proceeding under article 440, or transferred to the court of conviction to be treated as article 440 motions.
We shall now deal with the subject of whether it is unconstitutional to require the relators to proceed by an article 440 motion instead of habeas corpus.
Both section 9 of article I of the Federal 'Constitution and section 4 of article I of the New York Constitution provide that the writ of habeas corpus may not be suspended except during invasion or rebellion, and Judge Friendly has wryly commented in regard to the expanding use of habeas corpus that: ‘ ‘ Legal history has many instances where a remedy initially serving a felt need has expanded bit by bit, without much thought being given to a single step, until it has assumed an aspect so different from its origin as to demand reappraisal * * * Any murmur of dissatisfaction with this situation provokes immediate incantation of the Great Writ, with the inevitable initial capitals, often accompanied by a suggestion that the objector is the sort of person who would cheerfully desecrate the Ark of the Covenant ’ ’ (38 ITniv. Chicago L. Rev. 142 [1970]).
With all due deference to the great writ, dismissing a habeas corpus writ on the grounds that another remedy is more appropriate is certainly not unconstiutional. The many cases cited above calling for dismissal of writs where coram nobis, appeal, bail application, etc. are more appropriate, are not in conflict *469 with the suspension of habeas corpus clause. In the three instant cases, dismissal in favor of article 440 of the CPL is merely an extension of the same principle and there is no constitutional violation.
Furthermore, even a legislative mandate calling for all post-conviction claims to be brought under article 440 would not be unconstitutional. The legislative power to regulate the availability of habeas corpus has been recognized since Matter of Bollman (4 Cranch [8 U. S.] 75 [1807]) and the A. B. A. Standards (supra, p. 25) state that: “ In recommending the establishment of a single, comprehensive, modern remedy, designed explicitly for post-conviction review purposes, the Advisory Committee is not suggesting any diminution of the traditional place of honor for the Freedom Writ.
“ Some jurisdictions, e.g., Illinois, have created explicitly post-conviction remedies that are merely supplementary to existing common-law remedies. This adds to, rather than diminishes, confusion and ought to be avoided. While constitutional guarantees of the right to the writ of habeas corpus may be thought to prevent any interference with that revered remedy, no serious impediment arises from postponing or subordinating such a remedy ”.
This is exactly what was done for Federal prisoners, through the enactment of section 2255 of title 28 of the United States Code, a statute much like article 440, to replace habeas corpus for such prisoners. It was upheld in United States v. Hayman (342 U. S. 205 [1952]).
It may, however, be argued that a statutory remedy replacing habeas corpus may not substantially detract from the original protective force of the writ (see People ex. rel. Tweed v. Liscomb, 60 N. Y. 559 [1875]; People ex. rel. Whitman v. Woodward, 150 App. Div. 770 [1912]; People ex. rel. Fisher v. Morhous, 183 Misc. 51 [1944]) and it could be claimed that article 440 eliminates certain protections now enjoyed under habeas corpus. Such claims would be without merit, as follows:
1. Under article 440 a defendant is not entitled to be produced, unless a factual hearing is granted. Contrary to common belief and current practice, that is exactly the same rule as under habeas corpus (Walker v. Johnston, 312 U. S. 275 [1941]; CPLR 7003, subd. [a]; 7A Weinstein-Korn-Miller, supra, par. 7003.02).
2. Under article 440 there are no monetary penalties recoverable for wrongful noncompliance, and this type of provision has been available in habeas corpus since 1679, but this is still not a substantial protection: “ So far as can be determined, actions *470 for penalties provided by habeas corpus provisions have been before the New York courts only twice, [in 1810 and 1911]. In neither instance did the plaintiff win, and both decisions indicate the hostility of judges toward these statutory penalties.” (7A Weinstein-Korn-Miller, supra, par. 7003.11.)
3. Under article 440 there is no provision for an absolute right to counsel, absent a factual hearing, but neither is there such a right under habeas corpus (People ex. rel. Williams v. La Vallee, 19 N Y 2d 238 [1967]). Assignment of counsel other than for an evidentiary hearing is discretionary in both habeas corpus and article 440 proceedings.
Finally, even if the suspension clause mandated the use of common-law habeas corpus procedure, then, a fortiori, it would only mandate that the writ be available for the substantive grounds available at the time the clause was promulgated (Friendly, supra, Collings, Habeas Corpus for Convicts, 40 Cal. L. Rev. 335 [1952]).
The suspension of habeas corpus clause was first added to the New York Constitution in 1821, when it was section 6 of article VII. At that time habeas corpus was governed by the Habeas Corpus Act (L. 1787, ch. 39, as amd. by L. 1818, ch. 277), and where a relator was convicted of a crime the only inquiry on habeas corpus was whether the court had jurisdiction to render the judgment, in a very narrow sense (People v. Goodhue, 2 Johns. Ch. 198 [Ch. 1816]). Thus, the Legislature may restrict the grounds for habeas corpus after conviction to lack of jurisdiction in the trial court (People ex. rel. Tweed v. Liscomb, 60 N. Y. 559, supra). Nothing in the minutes of the debates on thé 1821 Constitution is to the contrary (see Proceedings of 1821 Convention at 5Off). In any event, the Legislature, as we have seen, can even require jurisdictional claims to be raised by an adequate alternative to habeas corpus, such as article 440.
For all these reasons, there is no constitutional difficulty when the laudable purposes of artcle 440 of the CPL are implemented by courts, and habeas corpus relators are put to the more effective remedies under the new law under which they are more than adequately protected.
The writs are dismissed without prejudice to proceedings by motion in the courts of conviction under article 440 of the CPL; or, in the alternative, upon application by defense counsel within five days after publication of this decision, the writs will be referred to the criminal motion parts in the courts of conviction to be treated as motions under article 440.