Larry **PARSONS,** Defendant-Movant,

v.

**STATE of Missouri,** Plaintiff-Respondent.

No. 35611.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 23, 1975.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for defendant-movant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Movant, Larry Parsons, pleaded guilty to four counts of robbery in the first degree. He was sentenced to concurrent terms of seven years on each count. Movant filed a

Rule 27.26 Motion which sought to vacate the guilty pleas. The trial court denied the motion without holding an evidentiary hearing. By this appeal movant seeks remand to the trial court for an evidentiary hearing.

The movant in his amended motion alleged that he had a "discussion with his trial counsel and the prosecutor. In the setting [he] was offered a sentence of five (5) years on 'all' four (4) counts of robbery to run concurrently with a two (2) year sentence . . . in a cause involving carrying a concealed weapon." He further alleged that he entered the plea on the express advice of his counsel with the assurance that the total sentence would be five (5) years. He also alleged that counsel advised him after the hearing that he would have "only five (5) years total". The substance of movant's contentions is that he was induced to plead guilty by reason of a promise by his counsel and the prosecutor that he would receive concurrent sentences of five (5) years on the four charges of robbery.

The rule in *Smith v. State*, 513 S.W.2d 407 (Mo.1974) is controlling in this case. The court at page 411 said:

"A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing."

We have carefully reviewed the record of the proceeding with respect to the movant's pleas which covers 19 pages of the transcript. The proceeding can best be described as meticulous. The court thoroughly probed every aspect of the plea as to each count. The testimony specifically refutes the allegations of the motion that promises of a lesser punishment had been made to movant.[1]

---

1. "The Court: Do you have any further questions you want to ask Mr. O'Keefe at this time?

The Defendant: No, sir.
The Court: Do you want to ask me any questions?

Prior to sentencing on each of the four counts the State made a recommendation of seven years. On each occasion movant's counsel was asked if he had any comment for the record. The movant was then granted allocution on each count before the court pronounced sentence.

The files and records support the court's finding that movant's plea of guilty was freely and voluntarily given, and knowingly made; that he knew the consequences of his plea when it was entered; and that the allegations of the 27.26 motion are fully refuted. The trial court properly dismissed the motion without an evidentiary hearing. *Smith v. State*, supra; *Ross v. State*, 517 S.W.2d 185 (Mo.App.1974). To rule otherwise would be to relegate such a painstaking proceeding as the record discloses in this case, to "an exercise in futility". See *Colbert v. State*, 486 S.W.2d 219, 221 (Mo.1972).

The judgment of the trial court is affirmed.

CLEMENS, P. J., and KELLY, J., concur.

The Defendant: No, sir.

The Court: Have you been threatened or intimidated, mistreated or in any way forced to plead guilty against your will on any of these four counts?

The Defendant: No, sir.

The Court: Has anyone made any promises regarding your guilty plea?

The Defendant: No, sir.

The Court: Were any promises made to you with reference to the amount of time to be served or possible probation?

The Defendant: No, sir.

The Court: Do you understand that the Court makes no promises to you as to the amount of time to be served or possible probation?

The Defendant: Yes, sir.

The Court: Do you understand that the Court has not authorized any promises to be made to you?

The Defendant: Yes, sir.

The Court: Do you understand that any recommendations that might be made to the Court about any one of these counts or the case totally are not binding on the Court?

The Defendant: Yes, sir.

The Court: Are you stating, then, that your plea of guilty as to each one of the counts is not made in exchange for any promise or because of any force or other inducement?

The Defendant: Yes, sir.

The Court: Are you admitting and stating that you are pleading guilty voluntarily and of your own free will and because you are guilty as charged?

The Defendant: Yes sir."