Lyman Eugene WIGLESWORTH,
Petitioner,

v.

Donald WYRICK, Warden, Missouri State
Penitentiary, Respondent.

No. 59208.

Supreme Court of Missouri,
En Banc.

Jan. 12, 1976.

John E. Downs, St. Joseph, for petitioner.

John C. Danforth, Atty. Gen. (Philip M. Koppe, Asst. Atty. Gen.), Jefferson City, for respondent.

FINCH, Judge.

This is an original proceeding in habeas corpus. We quash the writ heretofore issued for the reason that the relief to which petitioner claims to be entitled is required by Rule 27.26[1] to be sought by a motion filed in accordance with the provisions of that rule in the circuit court wherein the judgment and sentence attacked by petitioner were entered.

Petitioner pleaded guilty on May 15, 1975, in the Circuit Court of DeKalb County to a charge of operating a motor vehicle while intoxicated, third offense, a felony under § 564.440.[2] The information to which petitioner pleaded guilty alleged two prior convictions of driving while intoxicated, viz., (a) on December 5, 1968, on a plea of guilty in the magistrate court of DeKalb County on which he was fined $100 and (b) on September 17, 1973, on a plea of guilty in the Circuit Court of DeKalb County to a charge of driving while intoxicated, second offense, on which he was sentenced to 15 days in the county jail. On his plea of guilty on May 15, 1975, defendant was sentenced to a term of three years imprisonment in the custody of the Department of Corrections. He asked that he be granted probation, which request was denied by the trial court on July 10, 1975. Shortly thereafter, defendant was delivered to the Department of Corrections and incarcerated in the penitentiary at Jefferson City.

On July 28, 1975 petitioner filed in the Missouri Court of Appeals, Kansas City District, a petition for a writ of habeas corpus alleging his imprisonment to be illegal on the grounds that (a) there was only one valid conviction against him under § 564.-

---

**1.** All references to rules are to Supreme Court Rules V.A.M.R.

**2.** All statutory references are to RSMo 1969 unless otherwise indicated.

440, the earlier convictions alleged in the information being invalid because he was not represented by counsel therein and there was no knowing and intelligent waiver of his right to counsel in said cases, and (b) the Circuit Court of DeKalb County had no jurisdiction to try or hear the case against petitioner on May 15, 1975, because defendant previously had filed a motion for change of judge which was never acted upon and was still pending.

The Court of Appeals, on July 30, 1975, issued its writ of habeas corpus and, pending resolution of the issues raised, admitted petitioner to bail. Respondent then filed his return to the writ which asserted reasons why the May 15, 1975, judgment and sentence and the incarceration thereunder are valid. In addition to his return, respondent filed a motion to quash the writ of habeas corpus as improvidently granted on the basis that issues raised therein must be asserted in the sentencing court by a motion to vacate under Rule 27.26. That motion to quash was ordered taken with the case by the Court of Appeals.

Thereafter, while briefs were in process of preparation and before the date on which the case had been set for argument, respondent, pursuant to Rule 83.06, filed an application in this court requesting that we transfer the case here before opinion and then proceed to decide it as authorized by Art. V, § 10, Mo.Const. We sustained that application and set the case for argument on the same date it had been scheduled for argument in the Court of Appeals. We now decide the case as though the writ of habeas corpus had been issued by this court.

*Does Rule 27.26 mandate that petitioner seek the relief requested herein by a motion to vacate in the Circuit Court of DeKalb County?*

Necessarily, we consider at the outset the threshold issue, raised by the motion to quash, of whether petitioner was entitled to attack the validity of the judgment and sentence under which he was incarcerated by filing a petition for writ of habeas cor-

pus in the Missouri Court of Appeals, Kansas City District, or whether, as contended by respondent, petitioner was required by Rule 27.26 to raise the issue by filing a motion to vacate in the Circuit Court of DeKalb County, the sentencing court.

Rule 27.26, insofar as pertinent to this issue, provides as follows:

"A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. The following procedure shall be applicable to motions filed pursuant to this Rule:

"(a) *Nature of Remedy.* This Rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks relief on the basis of any of the attacks on a sentence enumerated above. The motion seeking such relief shall be filed in the court where the sentence was imposed. This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus. * * * ".

■ Does the relief sought herein by the writ of habeas corpus fall within the foregoing provisions of Rule 27.26? It is clear that it does. In the first place, petitioner asserts that the two earlier convictions relied on by the State are constitutionally deficient for lack of counsel or waiver thereof. For that reason, he says that he

was sentenced contrary to the provisions of § 564.440 and received a sentence not permissible in the absence of two prior valid convictions of driving while intoxicated. This collateral attack on his conviction and sentence and his incarceration thereunder falls squarely within the scope of Rule 27.26 as expressed in the portion quoted above. Likewise, lack of jurisdiction, the second ground for relief asserted in the habeas corpus proceeding, is one of the grounds for collateral attack specifically listed in Rule 27.26.

Furthermore, the intention that relief to be provided by Rule 27.26 encompasses that sought by petitioner in his habeas corpus petition is disclosed by the recital in the rule that it is to provide all relief heretofore available in any court by habeas corpus, when used for the purpose of vacating, setting aside or correcting a sentence, and that the rule simply prescribes the procedure to be followed in seeking enforcement of those rights.

We conclude that Rule 27.26 does mandate that the relief requested by petitioner herein be sought in a motion to vacate filed in DeKalb County. Hence, unless for some reason the requirement in the rule that such procedure be utilized is impermissible, it would appear that the motion to quash is well taken and should be sustained.

*Is Rule 27.26 unconstitutional as a suspension of the writ of habeas corpus in violation of Art. I, § 12, Mo.Const.?*

In response to the asserted exclusiveness of the procedure specified in Rule 27.26, petitioner insists that the remedy provided therein is supplementary to and provides an alternate remedy for habeas corpus. He argues that it does not and cannot provide an exclusive remedy because that would violate Art. I, § 12, Mo.Const. which states "that the privilege of the writ of habeas corpus shall never be suspended".

What constitutes suspension as that term is used in constitutional provisions which prohibit suspension of the writ of habeas corpus? We find no Missouri case deciding this question, but it has been considered by other courts. It was discussed in *McCall v. McDowell,* 15 F.Cas. p. 1235, Case No. 8,673 (C.C.Cal.1867), in considering action by the President of the United States taken pursuant to legislation enacted in 1863 relative to suspension of habeas corpus under Art. I, § 9, cl. 2, of the Constitution of the United States ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public safety may require it."). In that connection the court said, 15 F.Cas. l.c. 1242:

"Before answering this question, it is well to consider what is the purpose and practical effect of suspending the privilege of the writ. Personal liberty, unless forfeited by due course of law, is the right of every citizen of the republic. The writ of habeas corpus is the remedy by which a party is enabled to obtain deliverance from a false imprisonment. Ordinarily, every one imprisoned without legal cause or warrant is entitled to this remedy—this privilege. The power to suspend this privilege includes, and is in fact identical, with the power to take away or withhold this remedy from the individual during the period of such suspension. The suspension of the privilege of the writ and the denial of the remedy for false imprisonment are identical in effect, if not in terms. It follows that the power of congress to suspend the privilege of the writ of habeas corpus is equivalent to the power to take away from all persons, during the suspension, the right to the ordinary and only remedy for deliverance from false imprisonment. This is the effect of the suspension. * * * "

In *State v. Towery,* 143 Ala. 48, 39 So. 309 (1905), the Supreme Court of Alabama had under consideration the question of whether a statutory provision violated section 18 of the Alabama Bill of Rights (Const.1875) which provided that "the privi-

lege of the writ of habeas corpus shall not be suspended". The court said, 39 So. 309:

"* * * The 'suspension' of the writ which is prohibited means the denial to the citizen of the right to demand an investigation into the cause of his detention."

39 C.J.S. Habeas Corpus § 123, summarizes the question in these words:

"*What constitutes suspension.* The suspension of the writ which is prohibited means an absolute denial of the right to demand an investigation into the cause of detention."

█ It seems clear that the suspension prohibited relates to denial of the substantive right to have judicial inquiry into the cause of and justification for allegedly illegal detention, not to the form and procedure utilized in such proceeding. The provisions against suspension of such a right refer to the writ of habeas corpus because historically that has been the vehicle by which such inquiry is made. The term adequately describes the substantive right being protected and preserved.

This interpretation of the constitutional language prohibiting suspension of the privilege of habeas corpus finds support in the case of *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952), in which the court considered the effect of 28 U.S.C. § 2255, the federal statute which provides for post-conviction relief for federal prisoners. The first portion of that statute provides as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,

may move the court which imposed the sentence to vacate, set aside or correct the sentence." [3]

█ Subsequent portions of the statute spell out details with reference to handling of such motions, including the right of appeal to the court of appeals, and then recite that an application for habeas corpus on behalf of a prisoner authorized to apply for relief by motion under § 2255 shall not be entertained in various situations "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention".

*Hayman* involved a motion filed pursuant to § 2255 wherein the prisoner alleged that he had not had effective assistance of counsel. He asked for an order to secure his presence at the hearing on his motion. The district court did not sustain that order and, after hearing evidence on the motion without the prisoner being present, denied relief. On appeal, the Court of Appeals ruled *sua sponte* that procedure under § 2255 would not be effective in this case and, in the alternative, that in precluding resort to habeas corpus, § 2255 unconstitutionally suspended the writ of habeas corpus as to the prisoner therein. It ordered the motion dismissed so that the prisoner might proceed by habeas corpus in the district of his confinement.

On certiorari the Supreme Court reviewed the problems and practical difficulties incident to habeas corpus as a post-conviction remedy vehicle which caused the Judicial Conference of the United States to recommend legislation which culminated in the enactment of § 2255. In so doing, the Court said, 342 U.S. at 219, 72 S.Ct. at 272:

"This review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus juris-

---

**3.** Section 2255 was the source from which the original Rule 27.26, adopted in 1952, was taken. That rule was superceded September 1, 1967, by an expanded and more detailed Rule 27.26, which is the presently existing rule.

diction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum."[4]

The Court stated that it did not find in § 2255 the "disturbing inadequacies" found by the Court of Appeals, and it reversed for a hearing of the § 2255 motion by the district court with the prisoner present.

The Court in *Hayman* did not reach or decide the issue of the constitutionality of § 2255. However, that issue has been ruled upon in various subsequent federal decisions. Since we have not ruled on this issue previously, we look to such decisions for assistance in deciding the question.

In *Stirone v. Markley*, 345 F.2d 473 (7th Cir. 1965), petitioner incarcerated in the United States Penitentiary at Terre Haute, Indiana, as a result of a conviction in the Western District of Pennsylvania, sought a writ of habeas corpus from a United States District Court in Indiana. Denial of the petition by the District Court on the basis that petitioner's remedy under § 2255 was not shown to be inadequate or ineffective to test the legality of his detention was affirmed on appeal. Petitioner attacked the constitutionality of § 2255, saying that although it purports to be a substitute for a writ of habeas corpus, it lacks essentials of the habeas corpus procedure. These included the assertions that the procedure under § 2255 did not prescribe time requirements guaranteeing expeditious hearing and determination, did not require production of the prisoner when factual issues were

presented and did not require that second or successive motions be entertained. These were discussed, after which the court, after noting that *Hayman* did not pass on the constitutionality of § 2255, said, 345 F.2d at 475:

" * * * Because of this observation we have not relied solely upon the decision in *Hayman* but have discussed plaintiff's contentions and conclude that section 2255 is not an unconstitutional suspension of the writ of habeas corpus."[5]

See also *Cantu v. Markley*, 353 F.2d 696, 698 (7th Cir. 1965); *United States v. Anselmi*, 207 F.2d 312, 314 (3rd Cir. 1953); *Barrett v. Hunter*, 180 F.2d 510, 516 (10th Cir. 1950).

Comparable state statutes providing for post-conviction relief in lieu of the traditional petition for writ of habeas corpus have been held not to violate constitutional prohibitions against suspension of the writ of habeas corpus. For example, in *Kinnell v. Crouse*, 384 F.2d 811 (10th Cir. 1967), the court held that the Kansas post-conviction statute which was quite similar to § 2255 did not suspend the writ of habeas corpus in violation of the Kansas Constitution and was not unconstitutional.

In *Harvey v. State of South Carolina*, 310 F.Supp. 83 (D.S.C.1970), the court considered an attack on the constitutionality of the South Carolina post-conviction statute which, it was claimed, suspended the writ of habeas corpus or made its use more difficult. In overruling those contentions, the court said, at 85:

" * * * The South Carolina Act affords all the protections contemplated by our founding fathers. It is designed to afford post-conviction relief of a scope sufficiently broad to comply with the mandates and holdings of the United

---

**4.** See also *Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

**5.** The court noted that § 2255 also provides for habeas corpus to be available when the remedy under § 2255 is shown to be "inadequate or ineffective," saying that when this is true there is no constitutional issue; but that statement was given as an additional

ground for the result, not a qualification of the ruling that the section, in requiring use of the remedy provided therein rather than habeas corpus, does not violate the constitutional prohibition against suspending the privilege of habeas corpus and is constitutional.

States Supreme Court relating to federal review of state convictions. See *Curran v. State of Delaware,* 10 Terry 587, 122 A.2d 126, cert. den. 352 U.S. 913, 77 S.Ct. 151, 1 L.Ed.2d 120. There is no basis here for a holding that South Carolina thus deprives a convict of constitutional rights. Rather he is provided a forum and procedure for speedy and easy application and early decision. The statutes are designed for the benefit of the convicted, defined for his ease in obtaining review at a state level and thus complying with 28 U.S.C. § 2254.

"South Carolina's Post-Conviction Relief Act provides relief similar to that envisioned by Congress (for those convicted in federal courts) in 28 U.S.C. § 2255. The fact that the South Carolina Legislature enacted a post-conviction statute did not suspend the right of habeas corpus by substituting the post-conviction relief statutes (procedure) as the only remedy available to a state prisoner. See *Kinnell v. Crouse,* 384 F.2d 811 (10th Cir. 1967), cert. den. 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 98; *United States ex rel. Dopkowski v. Randolph* (7th Cir. 1958), 262 F.2d 10, cert. den. 359 U.S. 1004, 79 S.Ct. 1143, 3 L.Ed.2d 1032; *Smith v. State of Kansas,* 356 F.2d 654 (10th Cir. 1966)."

See also *People ex rel. Anderson v. Warden,* 68 Misc.2d 463, 325 N.Y.S.2d 829 (1971), and *Lash v. Wright,* 287 N.E.2d 255 (Ind.App. 1972).

The need for and the logic of the establishment of a single, unitary, post-conviction remedy, to be used in place of other remedies (except direct review appeal) such as that provided by § 2255, Rule 27.26 and comparable statutes or rules in other states, has been recognized by the National Conference of Commissioners on Uniform State Laws in its Revised Uniform Post-Conviction Procedure Act which it approved and recommended in August 1966 for enactment or adoption in all states. In Section 1(a) thereof, it spells out the claims which may be asserted in such proceeding by a petitioner (these include those covered by Rule 27.26) and then in 1(b) provides as follows:

"This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this Act, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."

The comment which follows Section 1 discusses the question of whether such provision violates constitutional prohibitions against suspending the writ of habeas corpus and concludes that it does not. It refers to *Hayman* and then quotes from *United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 683 (3rd Cir. 1954), as follows:

"It is now established, and we think correctly, that where the issues in controversy are such as have traditionally been within the reach of habeas corpus and now are cognizable by the sentencing court under Section 2255, a motion under Section 2255 normally supersedes habeas corpus and provides the exclusive remedy. . . . The only exception to this rule of supersession which is authorized by the language of Section 2255 occurs when 'the remedy by motion is inadequate or ineffective to test the legality of . . . detention.' "

The comment then notes that Section 1 provides a remedy as broad as habeas corpus which is intended to incorporate and protect all rights presently available under habeas corpus and other remedies and is adequate to test the legality of detention. It points out that the change is a procedural one.

Likewise, it should be noted that the American Bar Association Project on Standards for Criminal Justice has proposed a unitary post-conviction remedy which "should take primacy over any existing pro-

cedure or process for determination of such claims". Standards Relating To Post-Conviction Remedies, 1.1.[6] It seems self-evident that the prestigious group which worked upon and approved this recommended Standard for Criminal Justice did not consider the plan to constitute a suspension of the writ of habeas corpus.

The validity and logic of these unitary post-conviction procedures (whether statutory or court rule) and of the cases which, in upholding them, find that they do not have the effect of suspending the writ of habeas corpus, is apparent when one stops to realize that the substantive right provided to a prisoner by the writ of habeas corpus is the right to have the validity of his imprisonment determined promptly and to be discharged therefrom if it is illegal. The particular form of such a proceeding and where it is initiated is procedural, not substantive. The particular procedural requirements specified by a state for pursuing the substantive objective are for it to determine. If they are reasonable and effective, they do not constitute a suspension of the privilege of the writ of habeas corpus. It would be illogical to hold that a particular form of proceeding labeled habeas corpus must be available to a prisoner seeking release from allegedly illegal detention to be chosen in preference to another prescribed procedure which has the same objective, protects the same rights and achieves the same results.[7] To so hold would be to preserve and protect form rather than substance.

Another argument advanced by petitioner to support his contention that to construe Rule 27.26 as the exclusive remedy would violate Art. I, § 12, is that the remedy provided in Rule 27.26 is inadequate because it contains no provision for bail pending final determination of a claim of unlawful detention. His argument seems to be that this also results in suspension of the privilege of habeas corpus.

This contention is predicated on the premise that the privilege of the writ of habeas corpus does include a right to bail pending determination of petitioner's right to the writ. Such premise is incorrect. In *Ex parte Heath,* 227 Mo. 393, 126 S.W. 1031 (1910), the court considered the meaning of the constitutional language which is incorporated in our present constitution as Art. I, § 20:

> "That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

With reference thereto, the court said, 126 S.W. at 1035:

> "We think the construction put upon the Bill of Rights in California and Texas, in which the words 'before conviction' are omitted, as they are in our Constitution, is the correct one. We think the language of section 24, art. 2, of our Constitution, clearly refers to the right of bail while yet there is room for presumption, and while the 'proof evident' is open to consideration by the court or judge to whom an application for bail is made, and not to a time when presumptions and proofs are merged in a verdict of guilty."

This view is confirmed in *Ex parte Carey,* 306 Mo. 287, 267 S.W. 806 (banc 1924).

■ Except where the foregoing constitutional provision is applicable, the right to

---

6. Much of that proposal is contained in Art. 440 of the Criminal Procedure Law of the state of New York, its statutory post-conviction procedure, which was considered by the court in *People ex rel. Anderson v. Warden, supra.* The court notes that the new motions to vacate judgment "embrace" all previous collateral attacks, including habeas corpus.

7. The official note to Rule 27.26 recognizes, as did the Judicial Conference of the United States in recommending § 2255, the advantage of requiring that the proceeding be filed in the sentencing court where the records are kept and more than likely the witnesses are located. In addition, appellate courts are not well adapted to holding frequent evidentiary hearings. Holding them at the trial court level is much more satisfactory.

bail in Missouri is statutory or, when a statute is not applicable, discretionary with the court. *Ex parte Heath, supra.* Thus there is no constitutional right to bail in a habeas corpus case wherein a collateral attack is made on a prior judgment of conviction.[8] Petitioner cites no cases which hold otherwise.

Rule 27.26 does not purport to deal with the question of bail. Whether and under what circumstances bail may be granted in a Rule 27.26 proceeding is not an issue in this case and we do not undertake to deal therewith.

We hold that Rule 27.26 does not violate Art. I, § 12, Mo.Const.

*Does Rule 27.26 violate Art. V, § 4, Mo. Const.?*

Petitioner argues that Rule 27.26 violates Art. V, § 4, Mo.Const., which provides that "[t]he supreme court, courts of appeals, and circuit courts * * * may issue and determine original remedial writs." He argues that under this constitutional provision he has the right to apply for relief in the nature of habeas corpus in any constitutional court of record in the state of Missouri and that Rule 27.26, in attempting to restrict that right, is unconstitutional.

We disagree. The fact that a court has jurisdiction of a particular type of case does not automatically confer on a litigant a right to have his claim litigated in that particular court. If the rule were otherwise, statutes or rules establishing venue would not be permissible. Yet it is well established that enactments fixing venue as between courts with jurisdiction are valid. The distinction between jurisdiction and venue is recognized in 21 C.J.S. Courts § 15c, in this language:

"The distinction between 'jurisdiction' and 'venue' has been plainly established and has frequently been recognized. Jurisdiction connotes the power to decide a

case on the merits, while venue denotes locality, the place where the suit should be heard."

This court is empowered by Art. V, § 5, Mo.Const., to establish rules of practice and procedure for all courts so long as the rules do not interfere with substantive rights or the right of appeal. Pursuant to that authorization, this court has adopted various rules which establish practice and procedure for original writs as well as practice and procedure in criminal and civil cases, both at the trial and appellate level. One such rule is Rule 84.22 which states that "[n]o original remedial writ, except habeas corpus, will be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court." If, as petitioner argues, Art. V, § 4, Mo.Const., gives him the absolute right to seek habeas corpus in any constitutional court of record in the state, then that same constitutional provision which applies to all remedial writs would confer on persons seeking relief by way of mandamus or prohibition, for example, the right to seek such relief in any constitutional court of record in the state. If that were true, necessarily our Rule 84.22 would be invalid as an attempted limitation on such right.

The fact is that Art. V, § 4 does not confer on persons seeking remedial writs, whether habeas corpus or mandamus, an absolute right to seek such writ in any court with jurisdiction. It simply confers the power on both appellate and circuit courts to issue and determine such remedial writs. The exercise of that power is subject to such valid rules of practice and procedure (including venue) as are enacted by the general assembly or are adopted by this court pursuant to Art. V, § 5.

Rule 84.22 does not impinge on the jurisdiction—the power of the various courts to issue and determine remedial writs. It establishes rules by which those courts are to

8. For a good discussion of bail in habeas corpus cases wherein a post-conviction collateral attack is made, see *Glynn v. Donnelly,* 470 F.2d 95 (1st Cir. 1972).

operate in the exercise of such jurisdiction. Rule 84.22 indicates where original writs, other than habeas corpus, should be sought. Rule 27.26 establishes rules governing relief previously sought by habeas corpus where the objective is to collaterally attack a judgment and sentence must be filed.

■ These rules do not change substantive rights or interfere with the right of appeal. They are procedural. They prescribe the guidelines to be followed in determining whether a particular court should issue a requested remedial writ. In accordance with Rule 27.26, this court, when it receives a petition for a writ of habeas corpus which on its face, as here, seeks relief encompassed by Rule 27.26, permits the petition to be filed but then denies the writ without prejudice to the right of petitioner to seek such relief by motion under Rule 27.26 in the sentencing court. In this connection, see 20 Am.Jur.2d, Courts, §§ 108, 109, 110.

We hold that Rule 27.26 does not violate Art. V, § 4, Mo.Const.

Having determined that the motion to quash the writ of habeas corpus heretofore issued should be sustained, we do not reach or consider the attacks made by petitioner on the judgment and sentence of the Circuit Court of DeKalb County pursuant to which he was confined. Those questions may be raised by him in a motion to vacate under Rule 27.26 if petitioner elects to file such a motion.

The dissenting opinion filed by the chief justice raises additional issues which we should consider. First, he suggests that respondent's motion to quash may not be sustained because, for purposes of the motion, the allegations of the petition must be accepted as true, and since the petition alleges that there was only one valid conviction of petitioner under § 564.440 as well as

asserting that the circuit court had no jurisdiction to try petitioner by reason of a pending motion for change of judge, it states a claim which, if proved, would entitle petitioner to be remanded for resentencing.

■ This contention is based on a rule of law applicable when a motion attacking the sufficiency of a petition to state grounds for relief is under consideration. However, that rule has no application to the motion to quash filed herein because it does not attack the sufficiency of the facts alleged in the petition for habeas corpus or assert that, even if true, they would not entitle the petitioner to relief. Instead, it asserts simply that petitioner's claim is filed in the wrong forum; that petitioner's attack on the judgment and sentence must be asserted by a motion under Rule 27.26 in the sentencing court. Thus, this motion is comparable to a motion to quash a summons and the service thereon on the basis of improper venue or lack of jurisdiction. It is not at all similar to a motion to quash or dismiss for failure to state a claim.[9]

The dissent next asserts that Rule 27.26 is ineffective to afford relief to this petitioner on the hypothesis that it would take longer to process a motion under Rule 27.26 in the trial court and on appeal than the length of petitioner's sentence would be, assuming the correctness of his position. In brief, it asserts that the rule is ineffective when short sentences are involved. This, incidentally, is not a point asserted and briefed by petitioner herein. It is an attack raised *sua sponte* in the dissenting opinion.

■ We conclude that petitioner is not entitled to relief on this basis. In the first place, it is not a valid premise that one to three years would elapse before petitioner could get relief even if the evidence shows he is entitled thereto. In the event the

---

**9.** In this connection it should be noted that in 39 C.J.S. Habeas Corpus § 86, cited in the dissenting opinion, the discussion involved a motion to quash which attacked the sufficiency of the allegations in the petition. That section does not concern itself with a motion which raises the issue of venue. Thus, it does not support application of the rule in this instance.

petitioner proves in a 27.26 hearing that he did not have two prior valid convictions, we should and do assume that a trial judge would give relief. The fact that the vehicle was a motion to vacate under Rule 27.26 rather than a petition for habeas corpus would not provide a lesser or a greater inclination to do justice on the basis of the evidence presented. Furthermore, Rule 27.26 directs that such proceedings be expedited. For example, Rule 27.26(e) provides for expedited handling of the motion when filed and for prompt appointment of counsel if required. It then calls for a hearing to be held "as soon as reasonably possible considering other urgent business of the court". If the evidence causes the trial court to give relief to petitioner, that, in most instances, will end the matter. Appeals by the state are infrequent. If the trial court is not convinced as to the correctness of petitioner's position, he will not give relief, but neither would he grant habeas corpus on such a showing. In such event, petitioner would have the right of appeal in a proceeding under Rule 27.26. Rule 27.26(k) calls for prompt preparation of a transcript if an appeal is involved. As previously mentioned herein, the procedure is essentially the same as under § 2255. That has been upheld repeatedly. See *United States v. Hayman, supra; Stirone v. Markley, supra.*

Finally, the dissent argues that when the remedy provided by Rule 27.26 is inadequate, it cannot be the exclusive remedy. The dissent then states that "[u]nder the allegations of the petition 27.26 is not adequate". Accordingly, it concludes, we should proceed to hear the petition for habeas corpus.

If that procedure suggested by the dissent were adopted, the effect would be that whenever a petitioner, instead of filing a motion under Rule 27.26 in the sentencing court, files in some court a petition for writ of habeas corpus in which he alleges, as here, that the remedy provided by Rule 27.26 is inadequate in his case, the court in which the petition was filed would be re-

quired to hold a hearing thereon. The court would grant relief, if the evidence so justified, *provided* it found the remedy under 27.26 inadequate. However, if after hearing the evidence, the court concluded that the Rule 27.26 remedy was inadequate, it would be obligated to dismiss the petition without prejudice to petitioner's right to seek relief by motion filed pursuant to Rule 27.26 in the sentencing court and a second proceeding and hearing would be necessary. This necessarily follows because the sole basis for seeking habeas corpus is the allegation that relief provided under Rule 27.26 would be inadequate.

Such a bifurcated procedure would be much less desirable than what we had when post-conviction relief was sought only by habeas corpus or what we now have under Rule 27.26. Such a repetitive procedure would be time consuming and expensive and would nullify what we sought to and have up to now accomplished by the adoption of Rule 27.26. It would eliminate any reason for continuing Rule 27.26.

If at sometime in the future a petitioner is successful in proving in connection with a motion under Rule 27.26 that said procedure is inadequate to give him relief, we can and will consider taking appropriate steps to rectify that situation. Inadequacy has not been shown to be present in this case and to our knowledge has not been established in any of the many other cases filed and heard during the period in which amended Rule 27.26 has been utilized.

Accordingly, we sustain respondent's motion to quash. The writ of habeas corpus is quashed and petitioner is remanded to the custody of respondent.

MORGAN, HOLMAN, BARDGETT, HENLEY and DONNELLY, JJ., concur.

SEILER, C. J., dissents in separate dissenting opinion filed.

SEILER, Chief Justice (dissenting).

The majority opinion disposes of this proceeding by sustaining respondent's motion

to quash. The respondent to whom a writ of habeas corpus is addressed can attack the petition if he desires by a motion to quash the writ. *State ex rel. Chase v. Calvird,* 324 Mo. 429, 24 S.W.2d 111, 114 (1930). But on a motion to quash the writ, the allegations of the petition are deemed admitted. 39 C.J.S. Habeas Corpus § 86, p. 650. A motion to quash tests the sufficiency of the petition for the writ. *State ex rel. Stack v. Grimm,* 239 Mo. 340, 143 S.W. 450, 454 (1911).

The principal opinion says the foregoing has no application because the motion to quash in this instance "asserts simply that petitioner's claim is filed in the wrong forum"; that it must be asserted by motion under rule 27.26 "in the sentencing court." In my view, this still is saying to petitioner that no matter whether everything you say is true, you cannot use habeas corpus. Suppose the judgment and sentence in this case had been entered in the circuit court of Cole county, which is also the location of respondent in charge of the state penitentiary. If petitioner under these circumstances were to file habeas corpus in the sentencing court, so that there could be no question of venue or jurisdiction, the state would continue to argue, I am sure, that habeas corpus was not available, that petitioner must resort to rule 27.26 in the same court. Venue has nothing to do with what we are discussing, in my opinion. The point is that even if everything petitioner says is true (whether by force of its being regarded that way on motion to quash, or whether by virtue of its making no difference even if it is true), it is the position of the principal opinion and the state that petitioner must nevertheless proceed by motion under rule 27.26.

If we take the allegations of the petition to be true, then there was only one valid conviction against petitioner under Sec. 564.440, the earlier convictions alleged in the information being invalid because petitioner was not represented by counsel and there was no knowing and intelligent waiver of his right to counsel in said cases, and the circuit court had no jurisdiction to try or hear the case against petitioner under which he is currently sentenced because he had previously filed a motion for change of judge which was never acted upon and was still pending.

If the foregoing is true, then petitioner could not legally have been convicted of a third offense, a felony, under Sec. 564.-440(3) and sentenced to three years in the custody of the department of corrections. The most he could have been convicted of would have been a misdemeanor, under Sec. 564.440(1), and the maximum imprisonment would have been six months in the county jail.

So if the facts alleged in the petition are true (as we must take them to be on a motion to quash), then the only *adequate* relief here is to sustain the petition, grant the writ, and remand petitioner to the custody of the sheriff of DeKalb County for delivery to the circuit court for sentencing under Sec. 564.440(1), after disposition of the application for change of judge.

To remand petitioner to the custody of respondent and leave petitioner to the procedure of filing a motion in the appropriate circuit court for relief under rule 27.26 is not adequate. It will take anywhere from one to three years for petitioner's motion to work its way through the trial and appellate courts.[1] During all this time petitioner

1. I do not believe an estimate of from one to three years for petitioner's motion to work its way through the trial and appellate courts is unrealistic. Time does not permit a more thorough survey, but of the 27.26 cases which appear in the last ten volumes of the Southwestern Reporter Second which contain facts sufficient to permit an accurate determination, the average time from

filing of motion to disposition of appeal is over twenty five months. Of these cases, only one case took less than one year, three months and several took over three years. If we include time required for motions for rehearing and transfer to this court, the average would be increased another two or three months. I agree that if petitioner proves that he did not have two prior valid

will be imprisoned in the state penitentiary. It is self-evident this is not adequate relief for a man who, if what he alleges in his petition is true, could not be subject to imprisonment for more than six months and that in the county jail, not the state penitentiary. Under the allegations of the petition, petitioner cannot legally be held in the state penitentiary and respondent is illegally depriving petitioner of his liberty (or would be if petitioner were not on bail at the moment).

The question whether the rule 27.26 procedure is ineffective in general when a short sentence is involved is not before us (although it may well be that it is). Here the question is a six months sentence versus a three year sentence. Some would regard either as long; others would regard either as short. But short or long, if petitioner is correct in his claim (and at the moment the state's position is that he can be, but if so, it is immaterial), only by resort to habeas corpus can he obtain the prompt relief which is essential if his right to be free of illegal confinement is to be more than a right in name only.

I am unable to see where permitting habeas corpus in this case would commit the courts to some sort of bifurcated procedure. If what the petitioner alleges is true, it does not require a hearing to realize that a motion under 27.26, with all its delay and litigation at all levels of the court system, is inadequate. The mere allegation that the 27.26 route is inadequate would, of course, be no more than a conclusion, and in many instances petitioner will not be able to state facts to support the conclusion. In such instances no factual hearing would be required, anymore than is the case in 27.26 motions where only conclusions are alleged, *Parsons v. State,* 528 S.W.2d 162, 163 (Mo. App.1975). But when the petitioner states facts, as here, which show the 27.26 method is inadequate, it will save time in the long run, not waste time, to let petitioner proceed in habeas corpus if he can establish his facts.

I therefore respectfully dissent and would overrule the motion to quash.

I do however, agree with what I take to be implicit in the final part of the principal opinion that only when the remedy provided by rule 27.26 is adequate can it be considered exclusive. 28 U.S.C. Sec. 2255, which the principal opinion states has repeatedly been upheld, contains, it should be noted, an express provision allowing resort to habeas corpus when the remedy by motion is inadequate or ineffective. Where the remedy it provides is not adequate, then it follows that rule 27.26 cannot be exclusive, because otherwise it would be acting as a bar to resort to habeas corpus, in violation of Art. I, Sec. 12, Mo.Const. Habeas corpus ". . . is a high prerogative writ, the vital purposes of which are to obtain immediate relief from illegal confinement, to liberate those who may be imprisoned without sufficient cause, and to deliver them from unlawful custody. In other words, the writ was designed for the

convictions, "we should and do assume that a trial judge would give relief." But this does not mean the state will agree and will not appeal. The state has an absolute right to appeal under 27.26(j), whereas there is no appeal in habeas corpus. *Jones v. State,* 471 S.W.2d 166 (Mo. banc 1971). The principal opinion says appeals by the state in 27.26 cases are infrequent, but this is probably due to the fact that it is infrequent that the petitioner prevails in the trial court, so that it is seldom that the state has occasion to appeal. Anderson, Post-Conviction Relief in Missouri—Five Years Under Amended Rule 27.26, 38 Mo.L.Rev. 1 (1973).

Despite the provisions of rule 27.26 cited in the principal opinion calling for prompt disposition of 27.26 motions, we have seen a good many instances where such motions have moved rather slowly. Certainly there is no guarantee that petitioner can obtain a final disposition of his claim within six months by proceeding under rule 27.26. It seems to me the principal opinion does not meet the question of what if it does take more time to process the 27.26 motion than the maximum time petitioner must serve if he turns out to be right in his claim. How can such a remedy be adequate, when it cannot do what habeas corpus can do in a short time if petitioner's claim is valid?

purpose of effecting a speedy release of persons who are illegally deprived of their liberty . . ." 39 Am.Jur.2d, Habeas Corpus, Sec. 1, p. 179. Under the allegations of the petition, rule 27.26 is not adequate and the relief sought is not "encompassed" by the rule. As has oft been said, justice delayed is justice denied. Only habeas corpus can produce the speedy relief to which petitioner is entitled in this matter involving his individual freedom.