**William R. HINDMAN, Appellant,**

v.

**Clifford CROUCH, Circuit Judge and the State of Missouri, Respondents.**

No. 59832.

Supreme Court of Missouri, en banc.

Jan. 12, 1978.

Thomas J. Downey, Jefferson City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, for respondents.

HOUSER, Special Judge.

William R. Hindman, in the custody of the department of corrections following a felony conviction in the Circuit Court of Webster County on a charge of assault with intent to kill with malice, filed a petition for a writ of error coram nobis during the pendency of the appeal of that conviction, alleging that the sentence was imposed in violation of his constitutional rights in that the proceedings against him were based upon a void warrant, and that the Circuit Court of Webster County lacked jurisdiction to try the charge because of fatal defects in the proceedings for change of judge and change of venue. A hearing on the petition was held at which, following oral argument the court, without hearing evidence, ruled as a matter of law against petitioner and dismissed the petition for a writ of error coram nobis. Thirteen days later the court of appeals affirmed the judgment of conviction. *State v. Hindman,* 543 S.W.2d 278 (Mo.App.1976). The issues raised by the petition for a writ of error coram nobis were not ruled upon on that appeal. These issues are now before us on this appeal from the order dismissing the petition for a writ of error coram nobis.

After the filing of his petition for a writ of error coram nobis petitioner filed a motion in the Circuit Court of Webster County under Rule 27.26 to vacate and set aside the aforesaid conviction. An evidentiary hearing of the 27.26 motion is set for February 3, 1978 in the Circuit Court of Webster County. A copy of the 27.26 motion, filed in this Court by the mutual consent of counsel for both parties, demonstrates that the conviction in question is attacked on numerous grounds, including that of ineffective assistance of counsel. Although the constitutional grounds above noted are alleged inferentially in support of movant's contention that he was given ineffective assistance of counsel the 27.26 motion does not specifically allege as an independent ground of attack that the arrest warrant was void or that the circuit court lacked jurisdiction to try the case.

In promulgating Rule 27.26 this Court specifically stated in paragraph (a) thereof that the rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks relief on the basis that the sentence was imposed in violation of the Constitution of this State or the United States, or that the court imposing the sentence was without jurisdiction to do so. Rule 27.26 does not suspend the rights available by a writ of error coram nobis, but rather prescribes the procedure to be followed in the enforcement of those rights (as in the case of habeas corpus [paragraph (a) above]). *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo. banc 1976). Rule 27.26 includes all relief heretofore available in any court by habeas corpus when used for the purpose of vacating and setting aside a sentence, "plus relief not available by habeas corpus," which includes relief by way of a writ of error coram nobis.

Because of the declared exclusivity of the remedy afforded by Rule 27.26, and the provision of paragraph (c) of Rule 27.26 that the motion shall include every ground known to the prisoner for vacating and setting aside the conviction and sentence, and in the interest of trying all known grounds at the same time in one proceeding instead of trying them piecemeal, we set aside and vacate the judgment below and dismiss the petition for a writ of error coram nobis, in order to give petitioner an opportunity to file an amended motion in the 27.26 proceeding, specifically raising the constitutional issues above referred to as independent grounds for vacating and setting aside the judgment and sentence, and an opportunity to introduce the evidence allegedly available to petitioner bearing on the validity of the arrest warrant (evidence not introduced at the hearing below). It is further ordered that a certified copy of this opinion be served forthwith upon petitioner and his attorney in the 27.26 proceeding.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY, RENDLEN, SEILER, JJ., concur.

HENLEY, J., not sitting.