**STATE of Missouri ex rel. Virgil BENNETT, Respondent,**

v.

**James GAGNE, Superintendent, Appellant.**

**No. WD 32056.**

Missouri Court of Appeals, Western District.

Oct. 13, 1981.

Aaron A. Wilson, City Atty., Jack H. Schrimsher, City Prosecutor, Dennis E. Lee, Asst. City Prosecutor, Kansas City, for appellant.

Judith A. Sharp, Kansas City (Sharp & Scully, Kansas City, of counsel), for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

Respondent, Virgil Bennett, was charged in the Municipal Court of Kansas City, Missouri, of the offense of operating a motor vehicle while his driver's license was suspended. On January 3, 1980, he entered a pro se plea of guilty to the charge and was sentenced to 30 days incarceration at the Municipal Correctional Institute. Thereafter, respondent filed his petition for writ of habeas corpus in the Circuit Court of Jackson County, Missouri, alleging that he was unlawfully restrained of his liberty by appellant, Superintendent of the Municipal Correction Institute, for the reason that he entered his pro se plea of guilty "neither knowingly, intelligently, nor understandingly, and therefore not validly; that his plea of guilty was accepted by the Honorable Thomas E. Sims, Judge, * * *." There was another charge that respondent failed to stop before making a turn on a red light for which a fine was imposed, but which is only incidentally in issue in this habeas corpus proceeding.

These facts, in addition to the foregoing, were stipulated: On January 3, 1980, respondent tendered a plea of guilty to both charges without representation of counsel and then signed a printed Municipal Court form entitled "Waiver of Counsel and Findings in the Municipal Court of Kansas City, Missouri", a copy attached being a true copy of the printed form. The Municipal Court refused to set an appeal bond and allow an appeal to the Circuit Court of Jackson County on January 4, 1980, and that court would not then consider a motion to set aside the plea of guilty for manifest injustice. With considerable misapprehension as to the issue in this case, and what court is entitled or required to hear and rule the same, the parties stipulated that respondent has a right to a judicial review on the issue of voluntariness of a plea of guilty "before a municipal judge licensed to practice law in the State of Missouri", and that the only issue contested in this matter is whether respondent is entitled to review by appeal to the circuit court of the county in which the major part of the municipality is located.

Upon the "agreed issue" above, respondent relies upon State ex rel. Kansas City v. Meyers, 513 S.W.2d 414 (Mo. banc 1974), and State ex rel. House v. White, 429 S.W.2d 277 (Mo.App.1968). Appellant contends that these cases are inapplicable because statutory provisions upon which those cases turn were repealed by the Court Reform and Revision Act of 1978, and particularly because § 479.200(2), RSMo 1978, excepts from the right of appeal and trial de novo before a circuit judge or on assignment to an associate circuit judge where the case was tried on a plea of guilty before a municipal judge who is licensed to practice law or before an associate circuit judge. It would appear that this statute, on its face, would bar any review from respondent's plea of guilty. Nor does Rule 27.26 afford him any relief because Rule 19.01 provides, "Rules 19 to 36, inclusive, govern the procedure in all courts of this state having jurisdiction of criminal proceedings," and the Municipal Court of Kansas

City is not such a court as § 479.020, RSMo 1978, provides that a municipal judge or judges "shall have original jurisdiction to hear and determine all violations against the ordinances of the municipality." At 39 C.J.S., Habeas Corpus, § 92, p. 798, 799, it is said, "Habeas corpus may lie to afford relief where there has been an unlawful deprivation of the right to take an appeal from a conviction or to invoke some other post-conviction remedy, if no other adequate remedy is available." It is unnecessary to decide whether the Meyers and House cases are still the law as to the right to appeal from pleas of guilty in view of the Court Reform and Revision Act of 1978, and upon any application of § 479.200(2), supra. Respondent was denied any right to file an appeal or a bond therefor, and the municipal court would not consider a post-conviction motion to withdraw the plea of guilty. Respondent had the right, under all the circumstances, to file in the circuit court his petition for writ of habeas corpus under Rule 91.01 for the purpose of inquiring into the cause of his confinement or restraint.

■ The return to the writ of habeas corpus relies merely upon the judgment and the order of commitment of the municipal court. Respondent's answer to the return denies it and reasserts that his plea of guilty was not voluntarily made. The circuit court, in a memorandum opinion, sustained the writ of habeas corpus and directed the municipal court judge to allow petitioner (respondent here) to file his appeal. The latter direction was unnecessary because the circuit court was possessed of the case by reason of its issuance of the writ of habeas corpus and the issue having been made up by the return and answer thereto. The circuit court should have proceeded to conduct an evidentiary hearing on the issue of the voluntariness of respondent's plea of guilty under Rule 91.30.

■ The case in this court is denominated as an appeal. No "appeal" lies from a decision in a habeas corpus proceeding. The remedy is by way of an application for writ of certiorari by the respondent if it is the losing party, or by a successive application for writ of habeas corpus if petitioner fails in the initial application. See *State ex rel. Stewart v. Blair*, 357 Mo. 287, 208 S.W.2d 268 (1947) [where the petitioner was granted the writ of habeas corpus and review was sought by way of writ of certiorari]. Although there is here no semblance of compliance with certiorari procedure, as by way of filing a proper application therefor, the proceedings here will be treated as being in the nature of certiorari. Thus, the jurisdictional aspects of the proceedings below may be examined, as has been done, supra.

■ The case is remanded to the circuit court with directions to hold an evidentiary hearing on the issue of the voluntariness of respondent's plea of guilty entered in municipal court. In so doing, the circuit court may be guided by *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972), holding that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. If, after evidentiary hearing, the circuit court shall find that there was a knowing and intelligent waiver of counsel and that respondent was fully advised of the consequences of his plea, he may be remanded to official custody to serve the balance of his incarceration. If the contrary be found, he may be discharged from the sentence and be tried anew upon the merits upon his new plea of not guilty.

All concur.