John Wesley HICKS, Petitioner,

v.

Donald WYRICK, Warden, Respondent.

No. 82–0939–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

Jan. 18, 1983.

John Wesley Hicks, pro se.

John Ashcroft, Atty. Gen., State of Mo., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISSING PETITION.

JOHN W. OLIVER, District Judge.

### I.

This State prisoner habeas case presents an exhaustion question not heretofore considered in this district. The petitioner is presently in State custody under a sentence imposed by the Circuit Court of Greene County, Missouri after a jury trial conducted shortly after petitioner had been released from federal custody under a federal sentence to the temporary custody of the prosecuting attorney of Dallas County, Missouri under the Interstate Agreement on Detainers for trial in the Circuit Court of Dallas County, Missouri. Petitioner has since been released from federal custody; has served both of the two year sentences imposed by the Circuit Court of Dallas County, Missouri; and is presently in custody pursuant to a ten year sentence imposed by the Circuit Court of Greene County, Missouri.

Although we are satisfied that this case must be dismissed without prejudice because of petitioner's failure to exhaust, we deem it appropriate to state the factual circumstances and applicable legal principles in detail in light of the question presented in regard to what procedure petitioner should follow in order to exhaust his available State court postconviction remedies.

### II.

The petitioner completed the standard federal habeas form only to the extent of stating that the judgments of conviction under attack are two separate 2 year consecutive sentences imposed by the Circuit Court of Dallas County, Missouri in January, 1978, both for escape, and a 10 year consecutive sentence imposed by the Circuit Court of Greene County on May 15, 1978 for first degree robbery. Petitioner failed to answer any of the other questions on the standard federal form petition stating that such questions do not apply to his case. Petitioner's claim concerning exhaustion and the grounds for relief were accordingly set forth on supplemental pages attached to the standard forms.

Petitioner's allegations and the exhibits attached to the response to our order to show cause establish the sequence of events in regard to petitioner's present confinement in the State penitentiary. That sequence of events must be viewed in light of the fact that both the State of Missouri and the United States are parties to the Interstate Agreement on Detainers. See V.A. M.S. §§ 222.160 to 222.220 and 18 App.U. S.C. § 2. The respondent concedes that the petitioner has completed service of both the escape sentences imposed by the Circuit Court of Dallas County, Missouri and that petitioner is presently confined only under the 10 year first degree robbery sentence imposed by the Circuit Court of Greene County, Missouri on May 15, 1978.

Petitioner alleged that prior to his present confinement in the Missouri penitentiary he was confined as a federal prisoner in the United States penitentiary located on Terminal Island, California, serving a 10 year sentence imposed by the United States District Court in California and that while so confined he "filed a 'Motion

for Speedy Trial' on the then pending State charges in the Circuit Court of Dallas County, Missouri, for an offense of escape."

The exhibits attached to the response to our order to show cause establish that on January 20, 1977 the warden at the Federal Correctional Institution at Terminal Island advised the sheriff of Dallas County, Missouri that a detainer charging the petitioner with jail break had been filed against the petitioner in favor of that sheriff.

On September 30, 1977 the prosecuting attorney of Dallas County, Missouri forwarded to the warden at Terminal Island a request for temporary custody of the petitioner. On December 6, 1977 the authorities at Terminal Island advised the Dallas County prosecuting attorney that the petitioner had refused to sign particular forms required by the Interstate Agreement on Detainers and that it would therefore be necessary for the prosecuting attorney to proceed pursuant to other forms which did not require the petitioner's signature.

By an instrument dated December 16, 1977, executed by both the Prosecuting Attorney of Dallas County, Missouri and by the Judge of the Magistrate Court of Dallas County, Missouri, the prosecuting attorney advised that he would accept temporary custody of the petitioner and that he proposed to bring the petitioner to trial within the time specified in the Interstate Agreement on Detainers.

Certified copies of the separate two year sentences imposed on January 18, 1978 by the Circuit Court of Dallas County, Missouri on petitioner's plea of guilty in Cases No. 6705 and 6276 are attached as exhibits to the response to our order to show cause. On January 21, 1978 the prosecuting attorney of Dallas County, Missouri advised the warden at Terminal Island that the escape sentences had been imposed but that Webster County, Missouri and St. Louis, Missouri had both indicated that they intended to pick up the petitioner from the Missouri State Penitentiary and try him within the time applicable by law. Petitioner had been sent to that institution immediately after having been sentenced in the Circuit Court of Dallas County, Missouri.

On March 1, 1978 an Assistant Attorney General of Missouri advised the Director of the Missouri Division of Corrections that his office had been contacted by the federal authorities at Terminal Island and that they had requested the petitioner's return pursuant to the detainer agreement. The Assistant Attorney General added, however, that:

The prosecuting attorney for Dallas County, Mr. Wayne Rieschel, informed us that he placed Hicks in your custody as a temporary measure until two other Missouri detainers, in Webster County and St. Louis City, were filed in California. Since that time, I have learned, the Webster county action has been set for dismissal and the St. Louis cause is not planned for prosecution any time soon. For those reasons, and additionally because the California institution has Hicks scheduled for a parole violation proceeding on March 24, I have suggested to Mr. Rieschel that he be returned to California as soon as practicable, as required under Article V, Section 5 of the Interstate Agreement on Detainers, § 222.160, RSMo 1975 Supp.

Accordingly, it is the recommendation of this office that you release Hicks to the Sheriff's office of Dallas County at such time as they would designate in advance. I will suggest to Mr. Rieschel that they call your office to make the arrangements.

A copy of that letter was forwarded to the prosecuting attorney of Dallas County, Missouri.

On March 6, 1978 the General Counsel of the Missouri Division of Corrections wrote the prosecuting attorney of Dallas County, Missouri a letter which advised that:

It has been brought to our attention that the Dallas County authorities have completed their sentencing on the above named person who had been brought from the State of California under the Uniform Disposition of Detainers law. In this case, Mr. Hicks should be returned to California pursuant to this same law

and he will be made available at such time as is designated by your office for the Dallas County Sheriff to convey him to the California authorities. Mr. Hicks is scheduled for a parole violation proceeding in California on March 24, 1978 so it is assumed that he will be returned before that time. Mr. Hicks is presently incarcerated at the Missouri Training Center for Men at Moberly, Missouri.

On March 7, 1978 the prosecuting attorney of Webster County, Missouri wrote the federal authorities at Terminal Island a letter which reflected the fact that the Assistant Attorney General had not been accurately informed in regard to "the Webster County action," which, as the Assistant Attorney General stated in his March 1, 1978 letter to the Director, he believed had been "set for dismissal." The prosecuting attorney's letter made clear that the Webster County case would not be dismissed. His letter to the Terminal Island authorities stated the following:

Webster County has an armed robbery charge pending against Mr. Hicks which is set to go to trial during the week of March 20. I would appreciate holding Mr. Hicks in Missouri until after his trial.

If you need anything from me to accomplish this please let me know and I will be happy to send it to you.

A copy of that letter went forward to the Dallas County prosecuting attorney.

A copy of the 10 year consecutive sentence imposed after jury trial by the Circuit Court of Greene County, Missouri on May 15, 1978 is attached as an exhibit to the response to our order to show cause. A memorandum prepared by the federal authorities at Terminal Island to petitioner's federal Commitment File dated October 3, 1978, stated the following:

On January 5, 1978 Hicks went out on the Interstate Agreement on Detainers to Dallas County, Buffalo, Mo. He was sentenced to two years on each charge (Escape) to run consecutively in the Mo. Dept. of Corr. and it appears that Dallas County committed him to the Dept. of Corr. per a letter from the Mo. Attorney General dated 03–01–78.

Missouri then discovered that Hicks was also wanted in Webster County (Armed Robbery). A change of venue was granted and he was tried in Green County and received a 10 year sentence consecutive to the 4 years from Dallas County.

Mr. Donald G. Cheever, Prosecuting Attorney for Webster County is having copies of the Judgements sent to me.

Hicks was returned to Terminal Island on May 31, 1978.

Copies of other records from Terminal Island reflect that during the month of October, 1978, the Dallas County, Missouri detainer was replaced with a copy of the judgment and commitment papers from that court and that similar papers from the Circuit Court of Greene County, Missouri were also forwarded to Terminal Island authorities as a detainer. The sheriff of Greene County, Missouri thereafter advised the authorities at Terminal Island that it was his understanding that the Dallas County, Missouri authorities would take custody upon petitioner's release from federal custody but that if they did not do so, the sheriff of Greene County, Missouri wished to be notified ahead of the petitioner's scheduled release.

A Detainer Action Letter prepared by the Federal Bureau of Prisons dated March 12, 1981 shows that the petitioner had been transferred from Terminal Island to the Medical Center for Federal Prisoners in Springfield, Missouri and that the federal authorities had been advised that the sheriff of Greene County, Missouri, rather than the sheriff of Dallas County, Missouri, would pick the petitioner up "at your institution on May 28, 1981 and will transport him to the Missouri Department of Corrections for service of these Missouri sentences."

The final exhibit attached to the response to our order to show cause is the Release Authorization executed at the Medical Center. That exhibit reflects that the sheriff's department of Greene County, Missouri took custody of the petitioner on May 27, 1981. As alleged in the petition, petitioner

was returned to the Missouri Department of Corrections shortly after that date.

### III.

Petitioner's statement of the "history of the case" is generally consistent with the sequence of events established by the exhibits attached to the response to our order to show cause. On the merits, petitioner alleged that "the State of Missouri has 'waived' its right to any further jurisdiction and custody over the petitioner in regard to the sentences received in State circuit courts" and that "petitioner's present conviction and sentences are 'void' and offends the due process clause of the Fourteenth (14th) Amendment to the United States Constitution."

Petitioner relies primarily on his reading of *Lanier v. Williams,* 361 F.Supp. 944 (E.D. N.C.1973) and contends that once he commenced service of the State court sentences, he possessed a due process right not to have those sentences "interrupted," or served in "installments," and that "the State of Missouri unlawfully 'interrupted petitioner's State sentences when it surrendered him back to federal custody after it had confined petitioner for seven (7) months pursuant to sentences received in the State courts." Petitioner alleged generally that the "State of Missouri 'relinquished jurisdiction' over petitioner when it so surrendered him, thus imposing upon petitioner's right to serve those sentences 'promptly' and 'continuously' without 'interruption' or serving same in 'installments.'"

■ *Lanier,* the only State prisoner case upon which petitioner attempts to rely on the merits of his claim, shows on its face that the federal court did not exercise habeas jurisdiction in that case until after the petitioner had exhausted his available State court habeas remedies. Petitioner in this case recognized that this case presents a substantial exhaustion question and accordingly contended that he does not have any available adequate State postconviction remedies that need be exhausted before this Court may properly exercise its federal habeas jurisdiction. We disagree for the rea-sons stated in the next part of this memorandum opinion.

### IV.

In the section of attached pages captioned "Petitioner's statement of 'Exhaustion;' No available adequate State remedies; 'Exceptional circumstances' within the meaning of 28 U.S.C. Section 2254(b)," petitioner alleged that:

Petitioner is pleading "exceptional circumstances" existing wherein the petitioner has no available remedies in the Missouri courts as with the allegations pleaded herein. Missouri provides no avenue of petitioner testing the illegality pleaded herein on the facts of this unquie [sic] case. The State corrective process is thus, "ineffective" to protect petitioner's constitutional rights. Missouri's Rule 27.- 26 proceedings cannot afford the relief petitioner seeks herein, and are only confined to conditions challenging the original sentence imposed. Rule 27.26 et seq., V.A.M.R.

Thus, where, as here, there is no available corrective process in the State Courts, federal habeas corpus petitioners need not first resort to the State courts prior to seeking federal relief. Cf. 28 U.S.C. Section 2254(b). see: *Redding vs. Vermillion,* 416 F.Supp. 1181 (W.D.Mo.1976); *Stinson vs. Nelson,* 525 F.2d 728 (1975); *Kelly vs. Wingo,* 472 F.2d 717 (1973); and *U.S. Ex Rel. Williams vs. Hedrick,* 356 F.2d 430 (1966).

Thus, the petitioner is properly before this Court on federal habeas corpus.

The cases cited and relied upon by petitioner do not support his exhaustion argument. For reasons which are not stated, however, the Attorney General's Office indicated an apparent willingness to acquiesce in petitioner's narrow view of the scope of Missouri's Rule 27.26. The Attorney General's Office indeed suggests that it is possible that "literal interpretation" might be given Missouri Rule 27.26 and that under such an interpretation, it might be held that the petitioner should attack the validity of his confinement by State habeas corpus rather

than by use of Missouri Rule 27.26 for the reason the latter rule, on its face, might be said to be available only to test the validity of a sentence and judgment.

While we quite agree with the Attorney General's suggestion that if the question which petitioner seeks to present was considered to be outside the scope of Missouri Rule 27.26, petitioner would nevertheless have an available State court remedy by way of habeas corpus, we are not at all satisfied that Missouri Rule 27.26 would be so narrowly construed by the courts of Missouri.

This Court has frequently stated that after its amendment in 1967, Missouri Rule 27.26 provides the most effective State postconviction remedy in the United States. We have frequently directed attention to the late Chief Justice Storchman's observation in *State v. Stidham,* 415 S.W.2d 297, 298 (Mo.Sup.Ct. en banc 1967) which stated that:

> The amended rule [27.26] was adopted after considerable study and is intended to provide a post-conviction procedure in accord with the principles enunciated in the so-called trilogy of *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Further in keeping with the teachings of the trilogy, the amended rule is designed to discover and adjudicate all claims for relief in one application and avoid successive motions.

Consistent with the general rationale of *Stidham,* the Missouri Court of Appeals, Western District, had no difficulty in considering and sustaining the merits of the movant's claim under the Uniform Mandatory Disposition of Detainers Law in *Russell v. State,* 597 S.W.2d 694 (Mo.App.1980). The broad construction given Missouri Rule 27.26 in *Russell* is consistent with numerous decisions of the Supreme Court of Missouri which reject efforts to invoke State court postconviction remedies other than those provided in Missouri Rule 27.26.

In *Hindman v. Crouch,* 560 S.W.2d 874, for example, the Supreme Court of Missouri en banc required the petitioner to proceed under Missouri Rule 27.26 rather than by petition for writ of error coram nobis. The *Hindman* court stated:

> In promulgating Rule 27.26 this Court specifically stated in paragraph (a) thereof that the rule is intended to provide the exclusive procedure which shall be followed when a prisoner in custody seeks relief on the basis that the sentence was imposed in violation of the Constitution of this State or the United States, or that the court imposing the sentence was without jurisdiction to do so.... Rule 27.26 includes all relief heretofore available in any court by habeas corpus when used for the purpose of vacating and setting aside a sentence, "plus relief not available by habeas corpus," which includes relief by way of a writ of error coram nobis.

*Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo.Sup.Ct. en banc 1976), cited and relied upon in *Hindman,* quashed a writ of habeas corpus issued by the Supreme Court of Missouri on the ground that Missouri Rule 27.26 provided the exclusive remedy for presenting the postconviction question presented in that case. In *Smith v. Wyrick,* 538 F.Supp. 1017, 1023–25 (W.D.Mo.1982) we recently noted that the Supreme Court of Missouri had broadened the construction to be given Missouri Rule 27.26 in cases presenting claims of ineffective assistance of appellate counsel.

In light of the fact that this case will be dismissed without prejudice because of the petitioner's failure to exhaust available postconviction remedies, it is appropriate that we direct attention to the Supreme Court of Missouri's practice as stated in *Wiglesworth* in regard to how any question concerning the scope of Missouri Rule 27.26 may be expeditiously resolved. *Wiglesworth* stated that:

> In accordance with Rule 27.26, this court, when it receives a petition for a writ of habeas corpus which on its face, as here, seeks relief encompassed by Rule

27.26, permits the petition to be filed but then denies the writ without prejudice to the right of petitioner to seek such relief by motion under Rule 27.26 in the sentencing court.

The Attorney General's Office suggests that even if petitioner's claim in this case should be considered to be outside the scope of Missouri Rule 27.26, the petitioner, in accordance with the rationale of *Abel v. Wyrick,* 574 S.W.2d 411 (Mo.Sup.Ct. en banc 1978) and *State ex rel Bennett v. Gagne,* 623 S.W.2d 87 (Mo.App.W.D.1981), would nevertheless have an available State court postconviction remedy by way of habeas corpus. In *Abel,* the Supreme Court of Missouri en banc considered and granted habeas relief in connection with a State prisoner's claim that he had not been afforded his due process rights at a probation revocation hearing. In *Gagne* the Missouri Court of Appeals exercised habeas jurisdiction in regard to action taken in the Municipal Court of Kansas City, Missouri for the reason that Missouri Rule 27.26 was not applicable to such a court and for the reason that "habeas corpus may lie to afford relief where there has been the deprivation of the right . . . to invoke some other postconviction remedy, if no other adequate remedy is available." We agree with the Attorney General's Office that it is not entirely clear whether petitioner should proceed in the State courts by way of habeas corpus or by way of Missouri Rule 27.26. We are satisfied, however, that there is a practical solution to the procedural problem presented.

Petitioner, consistent with the statement we quoted above from *Wiglesworth,* should simultaneously file an application for habeas corpus in the Supreme Court of Missouri and a Missouri Rule 27.26 motion in the Circuit Court of Greene County, Missouri. Such a procedure would afford the Supreme Court of Missouri the opportunity to determine whether the merits of petitioner's claim should be presented in a habeas proceeding or whether the Circuit Court of Greene County, Missouri should consider the merits of petitioner's claim in the Missouri Rule 27.26 proceeding which would already be pending in that court.

Our dismissal of the pending petition for federal habeas does not indicate any view of the merits of petitioner's claim. We determine only that petitioner has failed to exhaust an available State court postconviction remedy which he has either by way of habeas corpus or by way of Missouri Rule 27.26.

Our view that exhaustion is required under the circumstances is consistent with the only Eighth Circuit case which considered a question presented under the Interstate Agreement on Detainers. See *Young v. Mabry,* 596 F.2d 339 (8 Cir.1979), which reflects that the Court of Appeals affirmed the dismissal of the petitioner's first petition for federal habeas for failure to exhaust and that it considered the merits of a subsequent denial of federal habeas relief only after exhaustion.

For the reasons stated, it is

ORDERED (1) that the pending petition for federal habeas should be dismissed in light of petitioner's failure to exhaust his available State court postconviction remedies. It is further

ORDERED (2) that petitioner's motion for appointment of counsel and extension of time to file traverse filed January 6, 1983 should be and the same is hereby denied. It is further

ORDERED (3) that this Court, if called upon to do so, will not certify that an appeal from the orders above entered may be taken pursuant to 28 U.S.C. § 1915 for the reason we can not state that such an appeal would be taken in good faith within the meaning of that statute.