**Jack Donald CLIFFORD, Petitioner,**

v.

**Carl WHITE, Superintendent, Respondent.**

**No. 83–0225–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

April 22, 1983.

Addendum April 26, 1983.

Jack Donald Clifford, pro se.

Nancy K. Baker, Asst. Atty. Gen., of Mo., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISS-ING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST

JOHN W. OLIVER, Senior District Judge.

### I.

This case pends on *pro se* petition for writ of habeas corpus filed February 28, 1983, under 28 U.S.C. § 2254. We find and conclude that petitioner has failed to exhaust available state post-conviction remedies in that petitioner failed to effect an appeal from the denial of either of two Rule 27.26 V.A.M.R. motions in the Circuit Court of Caldwell County but may yet seek leave to file a late notice of appeal under Rule 30.03, V.A.M.R. or may be able to file a third Rule 27.26 V.A.M.R. motion alleging unexhausted claims. For that reason, the petition will be dismissed without prejudice.

### II.

Petitioner's *pro se* habeas petition and the exhibits attached thereto establish the factual circumstances under which the petition was filed. Petitioner pled guilty on June 26, 1978, to a two-count complaint (Exhibit A) filed June 26, 1977, charging petitioner with forcible rape and felonious assault. After a full evidentiary hearing, at which petitioner was represented by counsel, petitioner's pleas were accepted (Exhibit B), and petitioner was sentenced to concurrent terms of fifteen years and five years, respectively. (Petitioner is currently confined in the Moberly Training Center for Men.)

Thereafter, petitioner filed a Rule 27.26 motion (copy of which was designated as Exhibit C but not included in the file). A full evidentiary hearing, at which petitioner was represented by different counsel, was held on April 12, 1979 (Exhibit L), and the motion was overruled on May 31, 1979 (Exhibit E). Counsel forwarded a copy of the May 31, 1979 order to petitioner under cover of a letter dated June 22, 1979 (part of Exhibit E) which advised that petitioner had the right to appeal but that appeal would be "of little avail" and to "let me hear from you in the near future."

Petitioner filed a *pro se* motion in the Circuit Court for leave to appeal *in forma pauperis* and for appointment of counsel on June 28, 1979 (Exhibit F). By letter of same date (part of Exhibit F), the Clerk of the Circuit Court forwarded to petitioner a file-stamped copy of the *pro se* motion and advised petitioner that the matter had been brought to Judge Busch's attention and that petitioner would be notified of any action. Apparently, however, no action was ever taken with respect to that *pro se* motion.

Petitioner filed a second Rule 27.26 motion on September 21, 1982 (Exhibit G). That *pro se* motion alleged that appeal from the denial of petitioner's earlier Rule 27.26 motion "was not applied for or taken upon

advice of attorney of record and inmate counselor advice." It attached fifteen pages of "information sheets," which presented lengthy legal arguments rather than concise statements of legal and factual grounds in support of the motion. It alleged that "Movant can and will assume that the prior 27.26 was pre-mature in that conditions were not put before the Court in totallity [sic] and without movant having the necessary Court papers to properly perfect the post conviction relief."

The Circuit Court dismissed petitioner's second Rule 27.26 motion on October 12, 1982 (Exhibit K), finding "that the instant motion is a second or successive motion under Rule 27.26 and contains grounds which were presented in the prior application and determined adversely to the movant; and that no new grounds have been raised which could have been raised in the prior motion." That Court further found "that the movant has failed to carry his burden of proof that such new grounds could not have been raised by him in a prior motion; and that the Movant is not entitled to an evidentiary hearing on the grounds contained in the instant motion."

Petitioner did not appeal the denial of his second Rule 27.26 motion on October 12, 1982. Instead, he filed a lengthy petition for habeas corpus relief in the Supreme Court of Missouri (Exhibit 2). That petition was denied without opinion on January 17, 1983 (Exhibit 1), and the pending petition was filed in this Court on February 28, 1983.

### III.

Petitioner alleges that he has exhausted available state remedies because "the exhaustion doctrine requires 'only' that the State Courts have one full and fair opportunity to decide a question which is properly presented to it. *See: Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)." Additionally, "the petitioner directs the Court's attention to the following case law: *Ashby v. Wyrick,* 693 F.2d 789 (8th Cir.

1982), and the various cases cited therein." Petitioner's response, filed April 11, 1983, at 1.

Petitioner has not presented the State courts with a fair opportunity to decide all of the questions presented in the pending habeas petition. For example, petitioner did not present ground one of the pending petition—that he was arrested, interrogated, and subjected to a line-up without assistance of counsel—in any Rule 27.26 motion. Similarly, with respect to ground two—that the Supreme Court of Missouri erred in failing to rule on a constitutionally defective information allegedly filed against the petitioner—ground six—that the petitioner was denied effective assistance of counsel in that his 27.26 attorney failed to file a motion for a new trial and/or notice of appeal—and ground seven—that petitioner was denied assistance of counsel and the constitutional right to full and fair review by the court of appeals of the trial court's order denying all relief on his Rule 27.26 motion. Ground eight—that the Circuit Court of Caldwell County erred in dismissing petitioner's second Rule 27.26 motion—was never appealed. Ground five—that petitioner was denied effective assistance of counsel on his first Rule 27.26 motion—was not adequately or fairly presented in petitioner's second Rule 27.26 motion by the ambiguous assertion that the first Rule 27.26 motion was "mis-guided" and "incomplete." The same might be said of ground nine—that petitioner is being denied consideration for parole—inasmuch as that contention was buried in the fifteen pages of "information sheets" attached to petitioner's second Rule 27.26 motion.

■ Nor has petitioner properly presented any claims for review by way of the *pro se* habeas petition summarily denied by the Supreme Court of Missouri on January 17, 1983. But recently, we have had occasion to cite applicable Missouri law in regard to the comprehensiveness and exclusivity of the Rule 27.26 post-conviction procedure. *See Hicks v. Wyrick,* 555 F.Supp. 763, 768–69 (W.D.Mo.1983); *Smith v. Wyrick,* 538 F.Supp. 1017, 1023–25 (W.D.Mo.1982), *aff'd,*

693 F.2d 808 (8th Cir.1983). The Rule 27.26 procedure is generally adequate to provide all relief previously available by way of habeas corpus. *See Hindman v. Crouch,* 560 S.W.2d 874 (Mo.1978) (en banc); *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo. 1976) (en banc). The Supreme Court of Missouri's summary denial of petitioner's habeas petition does not establish that the questions presented therein were properly presented for review on the merits. *See e.g., White v. Wyrick,* 432 F.Supp. 1316, 1317 (W.D.Mo.1977); *Lindner v. Wyrick,* 324 F.Supp. 1261 (W.D.Mo.1971).

*Ashby v. Wyrick, supra,* is not to the contrary. The question presented in that case was whether procedural default had occurred in that the question of Ashby's alleged abandonment on direct appeal was not presented by him on appeal of the Circuit Court's denial of his Rule 27.26 motion. The Court of Appeals held that, in view of the confusion prevalent at that time with respect to the proper method of presenting that particular question under Missouri law, and the fact that the question had been presented in the Rule 27.26 court and by way of a motion to recall the mandate in the court of appeals, procedural default would not be found to have occurred. Remand, however, was nevertheless appropriate to determine whether the question had been waived under the circumstances.

Respondent correctly notes that Rule 30.-03, V.A.M.R., provides for notice of appeal to be filed out of time in a post-conviction proceeding by leave of the appropriate appellate court within twelve months after a judgment becomes final. *E.g., Dixon v. State of Missouri,* 295 F.Supp. 170, 173 (W.D.Mo.1969) (under former Rule 28.07). The Circuit Court order denying petitioner's second Rule 27.26 motion was filed October 12, 1982; under Rule 81.05(a), V.A.M.R., the judgment became final on November 12, 1982. Accordingly, petitioner has until November 12, 1983, to seek leave to file a notice of appeal out of time.

Moreover, petitioner may be able to file a third Rule 27.26 motion raising the contention that he was abandoned on appeal from his first Rule 27.26 motion. *Morris v. State,* 603 S.W.2d 938 (Mo.1980) (en banc). *See Smith v. Wyrick, supra.* In such motion, petitioner may also be able to present his claim of ineffective assistance of counsel in connection with his first Rule 27.26 motion.

As in *Ashby,* we distinguish between the question of exhaustion and the question of waiver or forfeiture of claims. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Hindman v. Wyrick,* 702 F.2d 148 at 152 n. 7 (8th Cir.1983). Nothing in this opinion indicates any view as to the question of waiver or forfeiture.

### IV.

For the reasons stated, it is

ORDERED that the pending petition for writ of habeas corpus under 28 U.S.C. § 2254 shall be, and the same is hereby, dismissed without prejudice for failure to exhaust.

### ADDENDUM TO MEMORANDUM AND ORDER OF APRIL 22, 1983

Subsequent to the filing of the memorandum and order in this case, the Assistant Attorney General for the State of Missouri advised the Court that the State stands willing to assist the petitioner in exhausting his available State postconviction remedies. To that end, the State stated its willingness to join with the petitioner in a Rule 30.03 V.A.M.R. motion in the appropriate Missouri appellate court and that it will not oppose petitioner's filing of a third Rule 27.26 motion which would be designed to raise any presently unexhausted claims, should such a procedural course be deemed necessary under the circumstances.

The Court commends the State for expressing its willingness to assist State habeas petitioners in their efforts to exhaust their available State postconviction remedies consistent with the mandate of Sections 2254(b) and (c) of Title 28, United States Code.