**In re the MARRIAGE OF James Roy JENKINS, Petitioner-Respondent,**

**and**

**Linda Jo Jenkins, Respondent-Appellant.**

**No. 13665.**

Missouri Court of Appeals,
Southern District,
Division One.

April 12, 1985.

C. Ronald Baird, Door and Baird, P.C., Springfield, for petitioner-respondent.

Robert B. Hankins, Springfield, for respondent-appellant.

GREENE, Judge.

Petitioner, James Roy Jenkins, filed an application for a writ of habeas corpus in the Circuit Court of Greene County, seeking an order directing his former wife, Linda Jo Jenkins, to return to James custody of the two minor children of the parties. James claimed custody rights by reason of a judgment of the District Court of Seward County, Kansas, entered January 24, 1984, which awarded the children's custody to him.

The ·trial court, after hearing evidence, issued the writ, and directed Linda to return the children to James, with the reason given for such action being that the Kansas

decree was entitled to full faith and credit by the Missouri courts.

Linda appeals, contending that she is entitled to custody of the children by reason of a Greene County decree entered on August 29, 1980, as modified on July 21, 1983, and that the Kansas court had no jurisdiction to enter its decree changing custody of the children from Linda to James.

■ Appeal does not lie from a decision in a habeas corpus proceeding. The remedy for a losing respondent, such as Linda, is by way of an application for a writ of certiorari. While we treat her appearance here, by way of an "appeal", as being in the nature of certiorari, *State ex rel. Bennett v. Gagne,* 623 S.W.2d 87, 89[4] (Mo. App.1981), our scope of review is limited to examining the record to see if the Greene County trial court had jurisdiction to entertain the application for a writ of habeas corpus filed by James. *State ex rel. Danforth v. Bondurant,* 566 S.W.2d 478, 480[1] (Mo. banc 1978).

■ Linda did not raise the issue of lack of jurisdiction of the Greene County Circuit Court to entertain the habeas corpus application, and the record indicates the children and Linda were domiciled and physically present in Greene County when its circuit court assumed jurisdiction. The record is regular on its face, and jurisdiction was properly in the Greene County Circuit Court.

The appeal is dismissed.

TITUS, P.J., and FLANIGAN, J., concur.