CITY OF KANSAS CITY, Missouri, Plaintiff/Respondent,

v.

Joseph A. MAY, Defendant/Appellant.

No. WD 40228.

Missouri Court of Appeals, Western District.

Oct. 25, 1988.

Rehearing Denied Nov. 29, 1988.

Joseph A. May, Kansas City, pro se.

Edward B. Rucker, Asst. City Prosecutor, Kansas City, for plaintiff/respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Joseph A. May was charged in the Municipal Court of Kansas City with speeding on Interstate 435. He appealed and following a trial de novo in the circuit court was found guilty and fined $50. May contends the City did not prove the existence of an ordinance which he violated. Reversed.

On May 18, 1987, Officer John Groves of the Kansas City Police Department was checking traffic on Interstate 435 about 9:30 p.m. He was operating a radar unit and May's automobile was shown to be traveling at 69 miles per hour. Groves issued May a uniform traffic ticket which charged that May exceeded the posted speed limit by driving 69 miles per hour in a 55 miles per hour zone in violation of Kansas City, Mo., Code of General Ordinances § 34.90 (1967).[1]

May was convicted in the Municipal Court of Kansas City and he appealed to the Circuit Court. The trial de novo was without a jury and on the testimony of the officer and the introduction of Ordinance No. 34.90 the court found May guilty.

■ On appeal, May contends the City did not prove any ordinance which establishes a speed limit on Interstate 435. The traffic ticket stated that May violated Ordinance 34.90 and on the trial de novo the City introduced that ordinance. Ordinance 34.90 provides as follows:

(a) Upon the basis of an engineering and traffic investigation, the director of transportation may decrease or increase

speed limits on through streets in the manner prescribed by section 34.14.

(b) Speed limits established pursuant to this section shall be applicable at all or such times as shall be indicated by official traffic-control devices.

(c) When the director of transportation, upon the basis of an engineering and traffic investigation, determines that other speed limits shall be applicable on specific through streets, it shall be unlawful for any person to drive a vehicle in excess of any speed so determined when signs are in place giving notice thereof.

It is obvious that this ordinance does not provide any speed limit on Interstate 435. There was no evidence that the director of transportation had placed any speed limit signs on Interstate 435.[2] This was the only ordinance May was alleged to have violated and the only ordinance introduced to prove the violation at the trial de novo. It is settled that the prosecution for a violation of a city ordinance requires proof of the ordinance upon which the prosecution rests. *City of Kansas City v. Mullen,* 690 S.W.2d 421, 422[1] (Mo.App.1985). The City failed to prove any ordinance establishing the speed limit on Interstate 435 and for that reason the judgment of conviction cannot stand.

■ The City contends that it was enforcing the state speed limit. That argument is refuted by §§ 479.010, 479.020 and 479.179, RSMo 1986. Those sections provide that the municipal judge has jurisdiction only to try violations of municipal ordinances and does not have jurisdiction to try violations of state law. *See State ex rel. Bennett v. Gagne,* 623 S.W.2d 87, 88[1, 2] (Mo.App.1981).

■ The City also contends that May did not file a motion for a new trial within the time allowed and therefore he has no complaints which have been preserved for review. Rule 37.74 provides that "... trials de novo shall proceed in the manner provided for the trial of a misdemeanor by the

---

1. Hereinafter cited as 34.90.

2. No view is expressed on whether or not the City is empowered to establish a speed limit on Interstate Highways.

rules of criminal procedure." Rule 29.-11(e)(2)(A) provides that in the trial of a misdemeanor by the court without a jury a motion for new trial is not necessary to preserve any matter for appellate review. Thus, May was not required to file a motion for new trial.

For failure to prove any ordinance which May violated, the judgment is reversed and May is ordered discharged.

All concur.