**CITY OF KANSAS CITY, Respondent,**

v.

**David C. GRAHAM, Appellant.**

**No. WD 52071.**

Missouri Court of Appeals,
Western District.

Dec. 17, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied
March 25, 1997.

David C. Graham, Kansas City, appellant pro se.

Michael C. Dailey, Assistant City Prosecutor, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and LAURA DENVIR STITH and HOWARD, JJ.

LAURA DENVIR STITH, Judge.

Appellant David C. Graham appeals his conviction for speeding in violation of Kansas City, Missouri, Code of Ordinances § 34.90. Mr. Graham argues that the trial court should have dismissed the charge against him because the City of Kansas City does not have authority to charge him with speeding on Interstate 435. He also claims that Section 34.90 does not itself set a speed limit on Interstate 435, and the City failed to charge him with violation of any ordinance which does so. For the reasons set out below, neither claim has merit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 1993, David C. Graham was charged with speeding on Interstate 435 in violation of Kansas City, Missouri, Code of Ordinances § 34.90. Mr. Graham was convicted in Kansas City Municipal Court and fined. He appealed his conviction to Jackson County Circuit Court for a trial *de novo*. Mr. Graham's motion to dismiss was denied, and a jury found Mr. Graham guilty. The trial judge denied Mr. Graham's subsequent motion for a new trial or for an acquittal and entered a judgment of conviction. This appeal followed.

## II. THE CITY HAS AUTHORITY TO SET A SPEED LIMIT ON INTERSTATE 435

▌ Mr. Graham first claims that the trial court erred in denying his motion to dismiss because the City of Kansas City does not have jurisdiction to charge people with speeding on Interstate 435 (I–435). He recognizes that Section 304.010.3, RSMo 1994[1]

---

1. All statutory references are to Revised Statutes of Missouri as amended as of 1994 unless otherwise stated.

specifically authorizes a city to regulate speeds on state highways within that city's corporate limits. That Section states in relevant part:

> cities, towns or villages may regulate the speed of vehicles on state highways within their corporate limits by ordinance with the approval of the state highways and transportation commission.

§ 304.010.3. Mr. Graham claims, however, that this general provision does not apply to controlled-access highways such as I–435. In support, he cites us to Section 300.205.

As Mr. Graham notes, Section 300.205, read in isolation, appears to specifically prohibit cities from regulating the speed of vehicles on state controlled-access highways. It states in relevant part: "no city ordinance shall regulate the speed of vehicles upon controlled access highways of the state." § 300.205. As Kansas City has repeatedly pointed out, however, Section 300.205 does not apply to the City of Kansas City. The legislature passed it not as a law binding all cities in the state, but rather as part of a chapter setting out **model traffic ordinances**. Because it is only part of a set of model ordinances, it does not in itself require or prohibit any conduct by the cities of this state. To the contrary, Section 300.600 of the model ordinance itself provides:

> *This ordinance or any designated part thereof shall become effective in any city of the state upon the adoption thereof by the legislative body of the city by an ordinance appropriately describing this ordinance or the part thereof adopted.*

§ 300.600 (emphasis added). Thus, the chapter itself provides that a city has the choice whether or not to adopt any or all of the model ordinances set out in the chapter. Only those model ordinances which a city chooses to adopt are effective in that city. In fact, Section 300.600 further provides that:

> *Upon such adoption* by the city all ordinances or parts of ordinances in conflict with or inconsistent with the provisions of this ordinance *are hereby repealed,* except that this repeal shall not affect or prevent the prosecution or punishment of any per-

son for any act done or committed in violation of any ordinance hereby repealed prior or to the taking effect of this ordinance.

*Id.* (emphasis added). Because existing city ordinances are repealed only if the model ordinance is first adopted by a city (and then only to the extent inconsistent with the model ordinances so adopted), and because Kansas City has not adopted any part of the model ordinances, Section 300.205 necessarily has no affect on Kansas City's authority to prohibit speeding within its city limits.

### III. THE CITY CORRECTLY CHARGED MR. GRAHAM WITH VIOLATING § 34.90

Next, Mr. Graham contends that the charge of speeding should have been dismissed even if Section 300.205 does not deprive Kansas City of the authority to charge him with speeding on I–435, because the City failed to properly charge him with that offense.

The City charged Mr. Graham with violating municipal ordinance Section 34.90. As Mr. Graham notes, Section 34.90 does not itself set out any speed limit on I–435. Rather, it states in relevant part that, "it shall be unlawful for any person to drive a vehicle in excess of any speed so determined when signs are in place giving notice thereof." **Kansas City, Mo., Code of Ordinances § 34.90.**

Mr. Graham argues that because Section 34.90 does not itself set a speed limit on I–435, and because he was charged only with violation of Section 34.90, his conviction is improper. In support, he cites *City of Kansas City v. May,* 760 S.W.2d 534 (Mo.App. 1988).

In *May,* as here, the defendant was charged with speeding on I–435 in violation of Kansas City Ordinance 34.90. At trial, Kansas City introduced only Ordinance 34.90, which, as just noted, states that it is unlawful to drive in excess of a lawful posted speed. It did not introduce any evidence that signs were posted giving notice of a speed on the portion of I–435 which runs within the City

of Kansas City, or that it even had set a speed limit for that portion of I–435.

Because of these evidentiary deficiencies, this Court held:

> It is obvious that this ordinance [34.90] does not provide any speed limit on Interstate 435. There was no evidence that the director of transportation had placed any speed limit signs on Interstate 435.... The City failed to prove any ordinance establishing the speed limit on Interstate 435 and for that reason the judgment of conviction cannot stand.

*Id.* at 535.

*May* does not govern this case. Here, unlike in *May*, the City of Kansas City did meet its evidentiary burden. At trial it introduced both Ordinance 34.90 and Ordinance 911071. The latter ordinance establishes a speed limit of 55 miles per hour on the relevant section of I–435. The City further provided evidence that this ordinance was validly enacted. Having proved that Mr. Graham drove in excess of a valid speed limit on the portion of I–435 passing within the City of Kansas City, the City proved its case.

■ Mr. Graham also suggests that the conviction should be reversed because the police officer failed to state on the speeding ticket itself that Mr. Graham's conduct violated Ordinance 911071 in addition to Section 34.90. He says that citation to both ordinances was required because it is Ordinance 911071 which establishes the specific applicable speed limit on I–435. Again, we disagree. While the latter ordinance sets the speed limit, it is Section 34.90 which makes it a violation of municipal law to violate that speed limit. Mr. Graham was thus properly charged with violating Section 34.90. The ticket was not required to also cite to Ordinance 911071.

Finally, Mr. Graham suggests that it was improper for Kansas City to convict him where to prove its case it had to rely on both Section 34.90 and Ordinance 911071. He says that both the violation and the speed limit had to be contained in a single ordinance. He cites no authority in support of this argument, and we reject it.

For all the foregoing reasons, the judgment is affirmed.

All concur.