CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Walter L. KLAMMER, Appellant.

No. WD 52392.

Missouri Court of Appeals,
Western District.

Submitted Nov. 6, 1996.

Decided Jan. 14, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 4, 1997.

Application to Transfer Denied
April 29, 1997.

Walter L. Klammer, pro se.

Michael E. Dailey, Asst. Prosecuting Attorney, Kansas City, for respondent.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

PER CURIAM.

This action involves the question of whether the City of Kansas City ("the City") may set and enforce speed limits on state highways located inside its city limits. Walter L. Klammer appeals from the trial court's judgment finding him guilty of speeding, in violation of Kansas City, Missouri, Code of Ordinances § 70–363 (1995).

Judgment is affirmed.

On January 5, 1995, Klammer was cited for speeding in violation of Kansas City, Missouri, Code of Ordinances § 70–363. Klammer was traveling on Interstate 435 at a speed of 62 miles per hour in a 45 mile per hour posted speed zone. Klammer was convicted in municipal court, fined and assessed court costs. Klammer appealed to the circuit court, where, after a jury trial, he was also found guilty of violating the posted speed limit. Klammer was fined $300.00. Klammer now appeals.

In Point I, Klammer argues that the trial court erred in denying his motion to dismiss because the City was without jurisdiction to charge him with speeding on Interstate 435. Relying on § 300.205, RSMo 1994,[1] Klammer asserts that state law prohibits cities from regulating the speed of vehicles upon controlled access highways of the state. Section 300.205 provides:

The state traffic laws regulating the speed of vehicles shall be applicable upon all streets within the city, except that the city may by ordinance declare and determine upon the basis of engineering and traffic investigation that certain speed regulations shall be applicable upon specified streets or in certain areas, in which event it shall be unlawful for any person to drive a vehicle at a speed in excess of any speed so declared when signs are in place giving notice thereof, but no city ordinance shall

---

1. All statutory references are to Revised Statutes of Missouri 1994, unless otherwise indicated.

regulate the speed of vehicles upon controlled access highways of the state.

Section 300.205 is part of the Model Traffic Ordinance drafted by the Missouri legislature. Any city of the State of Missouri is free to adopt all, part or none of the Model Traffic Ordinance. Section 300.600. Section 300.600 reads:

> This ordinance or any designated part thereof shall become effective in any city of the state upon the adoption thereof by the legislative body of the city by an ordinance appropriately describing this ordinance or the part thereof adopted. Upon such adoption by the city all ordinances or parts of ordinances in conflict with or inconsistent with the provisions of this ordinance are hereby repealed, except that this repeal shall not affect or prevent the prosecution or punishment of any person for any act done or committed in violation of any ordinance hereby repealed prior to the taking effect of this ordinance.

The City has not adopted the Model Traffic Ordinance to date. Sections 70–340 to 70–360 are "reserved," perhaps with the thought of ultimately adopting the model ordinances. In fact, the City has enacted its own ordinances to regulate the speed of vehicles traveling on state highways in the city limits of Kansas City. Kansas City, Missouri Ordinances §§ 70–361 to 70–365.

■ The City claims that it has the authority to set speed limits on state highways within its city limits pursuant to § 304.010.3, which states:

> On state highways in any city, town or village where the speed limit is not set by local authority, the state highways and transportation commission may set a speed limit lower than fifty-five miles per hour when conditions of the road or nature of the area require a slower speed. After May 1, 1987, and notwithstanding section 304.120 or any other provision of law, cities, towns or villages may regulate the speed of vehicles on state highways within their corporate limits by ordinance with the approval of the state highways and transportation commission. Any reduction of speed in cities, towns, or villages shall be designed to expedite the flow of traffic

thereon to the extent consistent with public safety.

Pursuant to Ordinance No. 911071, the City established a speed limit of 55 miles per hour on the portion of Interstate 435 where defendant was stopped. Such speed limit was approved by the State Highway and Transportation Commission. On July 27, 1994, due to road construction on Interstate 435 between State Line Road and Grandview Road, the City approved an emergency regulation, No. E–18114, reducing the speed limit to 45 miles per hour. The emergency regulation temporarily reducing the speed limit was also approved by the Commission. The City was empowered to set the speed limit on this portion of Interstate 435 located in the city limits and, thus, the trial court did not err in denying Klammer's motion to dismiss. Point I is denied.

■ In Point II, Klammer claims that the trial court erred in denying his motion for judgment of acquittal or new trial because even if the City were to have the power to charge Klammer with speeding on Interstate 435, it did not do so in this case because the City charged Klammer with violating Kansas City, Missouri, Code of Ordinances No. 70–363 (1995). Ordinance No. 70–363 provides:

> (a) Upon the basis of an engineering and traffic investigation, the director may decrease or increase speed limits on through streets in the manner prescribed by section 70–38.
>
> (b) Speed limits established pursuant to this section shall be applicable at all or such times as shall be indicated by official traffic control devices.
>
> (c) When the director, upon the basis of an engineering and traffic investigation, determines that other speed limits shall be applicable on specific through streets, it shall be unlawful for any person to drive a vehicle in excess of any speed so determined when signs are in place giving notice thereof.

Klammer relies on *City of Kansas City v. May,* 760 S.W.2d 534 (Mo.App.1988) for his assertion that his speeding conviction showing a violation of Ordinance No. 70–363 cannot be upheld because the ordinance does not

provide a speed limit on Interstate 435. The defendant in *May* was charged with speeding in violation of Ordinance No. 34.90.[2] *See May*, 760 S.W.2d at 535. Klammer argues that defendant May, in his appeal, contended that he was entitled to a reversal of the speeding conviction because Ordinance No. 34.90 did not establish a speed limit on Interstate 435. Klammer then concludes that this court reversed the trial court because Ordinance No. 34.90 did not provide a speed limit on Interstate 435.

Klammer's interpretation of *May* is misplaced. In *May*, the defendant's conviction was reversed because this court found that the City failed to establish any speed limit on Interstate 435. In *May*, this court stated:

It is obvious that this ordinance does not provide any speed limit on Interstate 435. There was no evidence that the director of transportation had placed any speed limit signs on Interstate 435. This was the only ordinance May was alleged to have violated and the only ordinance introduced to prove the violation at the trial de novo. It is settled that the prosecution for a violation of a city ordinance requires proof of the ordinance upon which the prosecution rests. *City of Kansas City v. Mullen*, 690 S.W.2d 421, 422[1] (Mo.App.1985). The City failed to prove any ordinance establishing the speed limit on Interstate 435 and for that reason the judgment of conviction cannot stand.

*May*, 760 S.W.2d at 535 (footnote omitted). *May* is distinguishable from this case. Here, the City introduced evidence of the posted speed limit by presenting Ordinance No. 911071, No. 941390, Emergency Regulation Numbers E–18100 to E–18114 and General Ordinance § 70–363. The City established a speed of 45 miles per hour on the portion of Interstate 435 where Klammer was stopped for speeding. Thus, the trial court did not err in denying Klammer's motion for judgment of acquittal or new trial. Point II is denied.

Judgment is affirmed.

---

**2.** Ordinance No. 70–363 has since replaced Ordinance No. 34.90 and is identical to it.